Gaston, J.
 

 Upon the question, when did the plaintiff’s cause of action arise, our opinion differs from that which was held in the Court below. We are of opinion that his cause of action did not arise, until the payment
 
 in fact
 
 of the judgment against him. The undertaking of the testator of the defendants was, to save the plaintiff from harm because of his having become the bail of Samuel Magness, and the duty arising from this undertaking was broken, when the plaintiff sustained damage by reason of his liability as bail. A contract may be so expressed, as not only-to indemnify against actual loss, but to protect against any claim, suit or
 
 *30
 
 demand, and, upon such a contract, the recovery of ajudgment, or even the institution of a suit against the person thus protected, may entitle him to an action against his guarantor. ®ut &enera^ ru^e certainly is, that, in order to recover upon an indemnity, whether it be expressed or implied, it must be shown that a damage has been sustained. The damage alleged in the plaintiff’s declaration is the payment of the money recovered against him. ' A judgment had been obtained therefor, and satisfaction of the judgment was acknowledged of record. This entry was evidence, from which might be inferred a payment of the sum recovered, butter
 
 se,
 
 it was but a release of the judgment, an extin-guishment of that security. It was unquestionably competent for the defendants to show, notwithstanding such release, that the plaintiff had paid nothing, (see
 
 Brisendine
 
 v
 
 Martin,
 
 1 Ired. 286,) and, if they were not thereby estopped from showing this fact, neither was the plaintiff estopped, for all estoppels must be mutual. The entry of satisfaction was made, upon the plaintiff’s executing conveyances of land and negroes to the creditor. If the property so conveyed was at the time received in discharge of the debt, the transaction would have constituted a payment. But the testimony, if believed, showed that these conveyances, though absolute in terms, were intended by the parties to be used, and in fact were used, only as a security for the payment of the sum recovered. There was^ therefore, but a substitution of one security for another/^lt is true that, if a controversy had arisen between the parties to these conveyances and the bar-gainee had denied the parol agreement, the plaintiff would have found serious, perhaps insuperable, difficulty in estáb-lishing it. But the,granted has never set them up as absolute conveyánces.^m&íSok them as a security only, and af-terwards received a part only of the property thus pledged in payment of the debt; The rule of evidence, that, where the parties to a contract have reduced their agreement to writing, parol evidence shall not be received to alter or contra-diet the written instrument, applies to controversies between the parties and those claiming under them. The parties have constituted the written instrument to be the authentic
 
 *31
 
 memorial of their contract; and, because of this compáct, the instrument must be taken, as between them, to speakjthe truth and the whole truth itfrSTa0otT“fNlts subject matter.. But strangers-have not assented to this compact, and therefore are not bound by it. -When their rights are concerned, they are at liberty to show, that the written instrument does not disclose the full or true- character of the transaction.. And, if they, be thus at liberty, when contending with ajjarty to the transaction, he must be equally free, when contending with them./ Both must be bound by this conventional law or neither.
 

 On the other question presented in the case, we are of opinion, that, upon an undertaking like that before us, the plaintiff, before bringing suit, is bound to give notice of his loss to his guarantor.
 
 Grice
 
 v Ricks, 3 Dev. 62.
 
 Sherrod
 
 v Woodard, 4 Dev. 360. If indeed the testator of the defendants in this case were alive, when the loss complained of was sustained, formal notice might be dispensed with, because he was a party to the act causing the damage. From the case stated we infer, for the fact is not precisely set forth, that he was not then alive; but it is not necessary for us to examine how this matter may be, because the Jury have found for the plaintiff on the general issue, and their verdict is against him only on the plea oí the Statute of Limitations. If the reversal of a judgment be prayed for, because of misdirection of the Judge in his instructions to the Jury, and it appears that such misdirection did not and could not mislead the Jury, because their finding has been such as it certainly ought to have been, had the mistake not been committed, this Court has held that it will not interfere to enable the appellant to have a new trial of the issue. But where the misdirection has misled the Jury into a wrong verdict, and upon that'verdict the judgment complained of was rendered, it is a matter of right to have judgment reversed, and a
 
 venire de novo
 
 awarded. We cannot set the verdict right, nor can we establish a compensation of errors, by setting off against the error of law complained of an error of fact in the Jury, to the injury of the opposite party, upon another issue. In such
 
 *32
 
 a case, all the issues ought to be submitted to another Jury, with the proper instructions.
 

 The judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. New trial awarded accordingly.