LEE C. WOOD v. J. J. KINCAID et al. and THE FIDELITY AND
CASUALTY COMPANY.

(Filed 16 April, 1907).

1. Pleading—Demurrer—Cause of Action.—A demurrer can never be aided by separate averments of facts therein, but must be addressed solely to those alleged in the pleading attacked.

2. Complaint—Demurrer.—When it can be seen by liberal construction that a complaint states a good cause of action, a demurrer will not be sustained.

3. Same—Contract—Admission.—When the complaint substantially alleges a contract, based upon a sufficient consideration and showing the liability of the defendant to the plaintiff upon an employee's indemnity bond executed for the plaintiff's benefit, and a demurrer is made thereto, it is an admission that the contract is corectly set out in the complaint, though the contract may not be fully stated.

4. Same—Procedure.—When the complaint substantially alleges facts showing that the defendant is liable under a contract, without clearly or· definitely setting out the terms of the contract, the proper remedy is a motion to make the pleadings more definite and certain, or, where permissible, a demurrer to its form and not to its substance.

CIVIL ACTION, heard before *Moore J.,* and a jury, at January Term, 1907, of the Superior Court of IREDELL County.
This action was brought by the plaintiff to recover of the defendant, the Cleveland Manufacturing Company, damages for injuries which it is alleged were sustained while in its employ, through its negligence, and against the other defend-

ant, the Fidelity and Casualty Company, upon the allegation that by the terms of a written contract between the said defendants, which was supported by a sufficient consideration, the Fidelity and Casualty Company became equally liable with its co-defendant, the Cleveland Manufacturing Company, for the negligence and omission of duty of the latter in respect to its servants and employees and for all injuries to them resulting therefrom, the Fidelity and Casualty Company, by the said contract, having expressly covenanted and agreed to become responsible for and with its co-defendant for any and all injuries received by the latter's employees and servants, which are caused by its negligence. The Fidelity and Casualty Company demurred upon the following grounds: First, the plaintiff does not allege that it was connected in any manner with the negligence of its co-defendant which caused the injury to the plaintiff; and, second, that the allegations of the complaint, if true, show a contract between the Fidelity Company and its co-defendant whereby, upon certain terms and conditions, it agreed to indemnify and save harmless the latter against losses, and it is not alleged that the plaintiff was a party to said contract, or privy thereto in any way, or that the same was for his benefit. The demurrer was overruled and the Fidelity and Casualty Company appealed.

*H. P. Grier, W. G. Lewis,* and *L. C. Caldwell* for plaintiff.
*Armfield & Turner* for defendant.

WALKER, J., after stating the case: A demurrer is an objection that the pleading against which it is directed is insufficient in law to support the action or defense, and that the demurrant should not, therefore, be required to further plead. It is not its office to set out facts; but it must stand or fall by the facts as alleged in the opposing pleading, and

it can raise only questions of law as to their sufficiency. It is a fundamental rule of law that a demurrer will only lie for defects which appear upon the face of the alleged defective pleading, and extraneous or collateral facts stated in the demurrer cannot be considered in deciding upon its validity. A demurrer averring any fact not stated in the pleading which is attacked, commonly called a "speaking demurrer," is never allowable. 6 Pl. and Pr., 296, *et seq.;* *Von Glahn v. DeRossett,* 76 N. C., 292. It seems from the excellent brief of counsel for defendants, and certain allegations of fact in the demurrer not appearing in the complaint, that it was intended by the Fidelity Company to raise the question, whether an indemnity company can be held liable to an employee who is injured by his employer's negligence, where it has contracted to be liable only when the employer has been damnified, or suffered actual loss, by reason of the negligence, and whether even in such a case it can be joined, as a defendant, with the employer in an action to recover damages for the negligence. This is a very grave question and will require serious consideration whenever it is presented, but it is not before us, unless we are at liberty to insert in the complaint something that is not now there. It does not, therefore, call for any discussion or the examination of cases cited by counsel and other authorities bearing upon it. 11 Am. and Eng. Enc., 15, *et seq.;* 16 *ibid.,* 176; *Reynolds v. Magness,* 24 N. C., 26; *Morehead v. Wriston,* 73 N. C., 398; *Parker v. Shuford,* 76 N. C., 219; *Peacock v. Williams,* 98 N. C., 324; *Woodcock v. Bostic,* 118 N. C., 822; *Gorrell v. Water Co.,* 124 N. C., 328; *Shoaf v. Insurance Co.,* 127 N. C., 308; *Lacy v. Webb,* 130 N. C., 545; *Gastonia v. Engineering Co.,* 131 N. C., 363; *Voorhees v. Porter,* 134 N. C., 591; *Aiken v. Manufacturing Co.,* 141 N. C., 339.

The plaintiff has alleged explicitly that this defendant, for a sufficient consideration, had "expressly contracted and agreed to become responsible for and with its co-defendant for any and all injuries sustained by its servants and employees and caused by its negligence," and that, by the terms of the said contract, this defendant is equally liable with its co-defendant for the injury of which the plaintiff complains. The contract is not set out by copy in the complaint. The plaintiff states only its substance in his own way. The demurrer is an admission that the contract is truly and correctly set forth, and this being so, we must assume at this stage of the case that the Fidelity Company did agree to become jointly responsible with its co-defendant for the injury which the plaintiff suffered by reason of the employer's negligence. It is stated, as one ground of demurrer, that it is not alleged in the complaint that the contract of indemnity was made for the plaintiff's benefit; but if we accept the allegations of the complaint as true, and this we are imperatively required to do, the plaintiff does distinctly allege that the contract was made for his benefit. The complaint may be defective in form, and we think it is, in that the terms of the contract are not fully and clearly stated, but, as evidently appears, only the plaintiff's version of them. Any defects of this kind, however, should be remedied by a motion to make the pleading more definite and certain, or, at least, in cases where permissible, by a demurrer to the form of the pleading and not to its substance. Revisal, sec. 496; Clark's Code (3 Ed.), sec. 261, and notes. While the complaint as against this defendant is imperfectly constructed, for that it lacks fullness and clearness of statement, we cannot say that the plaintiff has entirely failed to state a good cause of action. The proof may show that the demurrant sustains no such relation to the plaintiff as entitles the latter to sue upon

the contract with his employer, and then, again, it may disclose facts which are not materially variant from the allegations of the complaint and which may establish its liability to him.

We must overrule the demurrer and await the proof, which should give us a better and more definite understanding of the precise terms of the contract, before expressing any opinion as to the merits. The defendants will be allowed to answer the complaint. This provision seems to have been omitted in the judgment of the Court.