JOHN H. KENDALL ET AL. v. HIGHWAY COMMISSION OF VALLEYTOWN TOWNSHIP.

(Filed 27 May, 1914.)

**Pleadings — Highway Commission—Trespass—Demurrer—Speaking Demurrer.**

In an action for damages to plaintiff's lands, the complaint alleged that the defendant highway commission unlawfully entered upon the plaintiff's land with a large force of employees, teams, etc.; without notice, and unlawfully wasted and spoiled the same by digging great ditches, etc., to the plaintiff's damage: *Held,* the cause of action alleged is trespass *quare clausum fregit,* which is admitted by demurrer; and where the demurrer relies upon a special statute, which has not been referred to in the complaint, it is a speaking demurrer, and in either event the demurrer is bad.

KENDALL *v.* HIGHWAY COMMISSION.

APPEAL by plaintiff from *Carter, J.*, at January Term, 1914, of CHEROKEE.

This is a civil action, heard upon complaint and demurrer. His Honor sustained the demurrer, and the plaintiff appealed.

*M. W. Bell for plaintiff.*
*Dillard & Hill for defendant.*

BROWN, J. The facts as alleged in the complaint as a basis for the plaintiff's cause of action are substantially as follows: That Francis H. Kendall is dead, and left a last will and testament, the plaintiffs being appointed therein as executors and trustees. That the highway commission is a corporation created, organized, and existing under the laws of North Carolina. That for many years prior to his death the said Kendall was the owner of Tract No. 20, on Valley River, containing 139 acres, more or less, which, by his will, was devised to the plaintiffs, who were the owners thereof at the time of the injuries complained of. That on 1 December, 1912, and at different times before and since, the defendant, without leave or license, and *without authority of law, unlawfully* entered upon said tract, and with a large force of employees, teams and men, and without notice to plaintiffs, unlawfully wasted and spoiled said tract by digging great ditches and throwing up the earth to form into a fill entirely through the tract, which was rich bottom-land, thereby making holes of great length and depth on both sides of the fill, to the injury of the tract and damage to the plaintiffs; that by reason of the said digging of the ditches and holes and construction of the fill, the land next to the river is rendered inaccessible from other parts of the tract, which tract was valuable only as a farm before these things were done. That by reason of such unlawful acts the plaintiffs have been endamaged in the sum of $1,000.

The defendant interposes a demurrer as follows:

(1) For that the plaintiffs cannot have and maintain an action for a tort such as is set forth in the complaint in this action against the highway commission of Valleytown Town-

ship unless such right of action is given by statute, and there is no statute which gives the plaintiffs such right of action.

(2) For that whatever remedy the plaintiffs had was by petition for a jury to assess damages on account of the taking of the land described for a public road, as provided by chapter 161, Public-Local Laws 1911, and such remedy is exclusive, and this court has no jurisdiction of the action.

We think the judge erred in sustaining the demurrer. The important propositions of law relied upon by the defendant as a defense in this action cannot be raised by demurrer to the complaint as framed.

The demurrer admits the truth of all the facts set out in the complaint, and can be sustained only when the defect appears upon the face of the complaint.

The plaintiff alleges a trespass upon its lands and that it is unauthorized and unlawful. This is admitted by the demurrer. The alleged cause of action is a trespass *quare clausum fregit,* and this is admitted by the demurrer. If there are facts which justify the acts of the defendant, they do not appear upon the face of the complaint. *Davidson v. Gregory,* 132 N. C., 389; *Wood v. Kincaid,* 144 N. C., 394; *Merrimon v. Paving Co.,* 142 N. C., 539.

The second ground of demurrer is also untenable. It interjects an alleged act of the General Assembly, which is not referred to in the complaint. It is a speaking demurrer. *Ward v. Kincaid,* 144 N. C., 393.

If the defendant relies upon the defenses attempted to be raised by demurrer, they should be pleaded by answer. The demurrer is overruled and the defendant is directed to answer.

Error.