R. S. GRAVES v. REIDSVILLE, Etc., ET AL.

(Filed 2 November, 1921.)

1. **Judgments—Process—Service—Record—Void Judgments—Motions to Set Aside—Procedure.**

A judgment *in personam* without voluntary appearance or service of process within the jurisdiction is void, and when such facts appear upon inspection of the record it may be treated as a nullity or set aside on motion, and the party charged allowed to make his defense.

2. **Same—Facts Proven.**

Where a judgment has been entered against a defendant, who has neither been served with summons or waived service thereof, he may, upon the establishing of the fact, have the same set aside on motion in the cause, and his defense considered and passed upon by the court, according to law.

3. **Same—Courts—Justices' Courts.**

The principle both as to the right and procedure for a defendant against whom service of summons has not been made, or the same waived, to have the judgment set aside applies to the courts of justices of the peace as well as to those of more extensive jurisdiction.

**4. Same—Fraud—Jurisdiction.**

> The ground upon which a judgment may be set aside on defendant's motion in the cause for lack of proper service is not affected by any element of fraud that may have been alleged to have entered therein; and the justice's court, notwithstanding that it has no jurisdiction where fraud enters into the controversy, may entertain a motion in the cause to set aside its own judgment for the lack of the required service of summons, the question of fraud being but an incident and not the ground upon which the motion was made.

**5. Same—Statutes—Limitation as to Time of Motion.**

> Our statutes requiring a motion for a rehearing before a justice of the peace within ten days, etc., C. S., 1500, rule 12, and 1530, allowing fifteen days for appeal from the justice's judgment, etc., apply to final judgments regularly entered, and not to judgments irregularly taken upon defective service, or void for lack of service of summons on the defendant, or other proper process to bring him before the court.

MOTION to set aside three several judgments on a money demand entered against defendant lodge and others, heard on appeal from a justice's court before *Webb, J.*, at February Term, 1921, of ROCKINGHAM. The justice having set aside judgment for lack of service, and on allegations tending to establish fraud.   On appeal, his Honor being of opinion that the justice was without jurisdiction to entertain the motion for the reason that an issue of fraud was involved, dismissed the proceedings. The ruling of his Honor, and the reason for it, are more fully embodied in the judgment as follows: "The court finds as a fact that there is an issue of fraud arising upon the motion and affidavits in the bringing of said action and obtaining said judgment before the justice of the peace, and that fact appearing to the court, on motion of the plaintiff that the said motion of the defendant to set aside the judgment be dismissed, on the ground that the justice had no power to hear and determine the matter, and that said justice had no power to make his findings of fact and render said judgment as herein set out as to fraud, the court finding as a fact that an issue of fraud arises herein, and the justice had no jurisdiction of that issue.

It is further ordered and adjudged that the finding of fact and judgment of the said justice be overruled, and that the said motion be dismissed, and that the motion of the plaintiff to dismiss is hereby sustained; and that the defendant be taxed with the cost of this proceeding.

Defendant lodge excepted and appealed.

*P. W. Glidewell and W. R. Dalton for plaintiff.*
*J. M. Sharp for defendant.*

HOKE, J.   It is the accepted principle here and elsewhere that a judgment *in personam* without voluntary appearance or service of process within the jurisdiction is void, and where the fact appears on inspection of the record, such a judgment may be treated as a nullity, or it will be set aside on motion and the party charged allowed to make his defense. And where the lack of service does not so appear, but is established, the party affected may have the same set aside on motion in the cause, that his defense may be considered and passed upon. *Herndon v. Autry,* 181 N. C., 271; *Stocks v. Stocks,* 179 N. C., 285-288; *Johnson, Trustee, v. Whilden,* 171 N. C., 153; *Massie v. Hainey,* 165 N. C., 174; *Flowers v. King,* 145 N. C., 234.   The same principle, both as to the right and the procedure, prevails in reference to judgments in a justice's court as well as in courts of more extended jurisdiction. *Herndon v. Autry, supra; Lowman v. Ballard,* 168 N. C., 16; *Ballard v. Lowry,* 163 N. C., 488; *King v. R. R.,* 112 N. C., 318; *Whitehurst v. Transportation Co.,* 109 N. C., 342.

The position is not affected because there may be allegations and evidence of fraud presented.   The gravamen of the application is the failure of service of process showing an entire lack of jurisdiction, and the court that has unwittingly countenanced the wrong is charged with the duty and has the power to right it.   In such a case the fraud, and the evidence of it, is only an incident.   The doctrine that a judgment can only be set aside for fraud by an independent action, of which a justice has no jurisdiction, applies only to final judgments which are otherwise, in all respects, regular, and does not prevail in reference to judgments that are irregular, or which are void for want of jurisdiction by reason of nonservice of process.   And so in reference to other principles of law, statutory and otherwise, urged upon our attention in support of his Honor's ruling.   In section 1500, rule 12, which provides that a judgment of a justice may be reheard when a party is absent from the trial and such absence is caused by sickness, excusable mistake or neglect of the party, and requiring that such an application be made in 10 days.   And section 1530, which provides for an appeal from a justice's judgment on notice given within 10 days, and if on process not personally served allowing 15 days after personal notice of the judgment, they all contemplate and apply to causes of which the court has acquired jurisdiction, either by personal service or by attachment and publication, and do not affect a case like the present, which enables one to obtain relief from a judgment entered against him when the court, for lack of service, was without jurisdiction to make any orders in any way affecting his rights of person or property.   In *Lowman v. Ballard, supra,* it was held, as stated, "That where a judgment before a justice of the peace is sought to be set aside by the defendant for lack

of service of summons, the remedy is by motion in the cause made before the court which rendered the judgment." And speaking to the question the Court, in the opinion, said: "Both in the Superior and justices' courts the statutory limits as to time within which motions of this character shall be made are cases where the proceedings are in all respects regular, and do not apply in cases where there is defective service of process or an entire absence of it," citing *Massie v. Hainey,* 165 N. C., 174; *McKee v. Angel,* 90 N. C., 60. It may be well to note that if on investigation it should be made to appear that service of process had been made giving the justice jurisdiction of the appellant that would present the case in a different aspect and some of the positions urged for appellee may be made available in his favor.

For the reason stated, the judgment of his Honor will be reversed, and the Superior Court will proceed to hear the motion on the affidavits and facts as properly presented.

Reversed.