SAIDEE B. MEYER v. FENNER & BEANE AND J. P. MIDDLEMAS.

(Filed 9 January, 1929.)

**Pleadings—Demurrer—Effect of Demurrer—Gaming.**

A demurrer to a complaint on the ground that its allegations were insufficient to constitute a cause of action will not be sustained if, taking the pleading in its entirety it is sufficient in one or more of its parts; and where the demurrer is that the contract sued on was a wagering one and no recovery could be had under C. S., 2144, 2145, and two causes of action are alleged, if only one of them should be good the demurrer should be overruled.

APPEAL by defendant, J. P. Middlemas, from *McElroy, J.,* at September Term, 1928, of BUNCOMBE.

Plaintiff alleges that she had two classes of contracts with the defendants, Fenner & Beane, stock brokers, and their agent or manager, J. P. Middlemas, which netted her losses by reason of breaches of said contracts on the part of the defendants:

First, contracts to buy stock on "margins."

Second, contracts to purchase stock for actual delivery.

The defendant, J. P. Middlemas, demurred to the complaint on the ground that the contracts alleged were gaming contracts and therefore void under C. S., 2144 and 2145.

From a judgment overruling the demurrer, said defendant appeals, assigning error.

*Jos. W. Little for plaintiff.*
*A. Hall Johnston for defendant.*

STACY, C. J. Conceding that the first class of contracts may be void, because in violation of sections 2144 and 2145 of the Consolidated Statutes, still it would appear that the demurrer was properly overruled, as the second class of contracts does not seem to come within the purview of the statutes above mentioned. It is the established rule that where a general demurrer is filed to a complaint as a whole, if any

count of the pleading is good and states a cause of action, the demurrer should be overruled. *Griffin v. Baker,* 192 N. C., 297, 134 S. E., 651.

A complaint must be fatally defective before it will be rejected as insufficient. *Blackmore v. Winders,* 144 N. C., 215, 56 S. E., 874. If any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand. *Brewer v. Wynne,* 154 N. C., 467, 70 S. E., 947; *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807.

A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting, for the purpose, the truth of the allegations of fact contained therein. *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800; *Wood v. Kincaid,* 144 N. C., 393, 57 S. E., 4.

Affirmed.