### PITTSBURGH PLATE GLASS COMPANY v. HOTEL CORPORATION ET AL.

(Filed 3 April, 1929.)

1. **Fraud B c—Demurrer to reply alleging ratification of fraud should be overruled—Demurrer—New Cause of Action—Indemnity Bonds.**

   Where in an action to recover for material furnished the contractor for the erection of a building, involving the liability of the surety on the contractor's bond, the defense of fraud in the procurement of the bond was pleaded, to which the plaintiff replied alleging a compromise by the surety and the owner in a certain sum, to which last pleading a demurrer was interposed on the ground that it set up a new cause of action: *Held,* the alleged compromise being for the benefit of the material furnishers who were protected by the bond, it enured to their benefit, and was a ratification of the surety's liability on the original bond, and the demurrer was bad: and, *Held further,* the interpretation of the compromise agreement was not before the Supreme Court on this appeal.

2. **Appeal and Error E h—On appeal from the sustaining of a demurrer matters outside of pleading will not be considered.**

   On appeal from the sustaining of a demurrer the only question presented is the sufficiency of the pleading, taking its allegations to be true, and matters outside of pleading will not be considered.

APPEAL by plaintiff from *Cranmer, J.,* at December Term, 1928, of NEW HANOVER.

Civil action to recover for materials furnished by plaintiff and used by the contractor in the construction of a hotel in the city of Wilmington.

Plaintiff seeks to hold the Fidelity and Deposit Company of Maryland liable for its claim by reason of a $418,896 bond given for the faithful performance of the contract existing between Walter Clark, contractor, and G. L. Miller & Company, Inc., owner or representative of the owners of the building.

Liability of the surety is denied on the ground of fraud alleged to have been practiced in the procurement of said bond. The surety company further sets up, by way of defense, that upon certain conditions being performed by G. L. Miller & Company, a compromise agreement has been reached between the owners and the bonding company whereby the said surety is to be released from all claims, including plaintiff's, upon the payment of $40,000.

To this defense plaintiff replies, alleging, in substance:

1. That said compromise agreement necessarily inures to plaintiff's benefit and to the benefit of other creditors.

2. That such agreement, made with full knowledge of the facts, is a ratification of the original bond, so far as plaintiff is concerned, and waives any fraud that may have existed.

A demurrer was interposed to this reply of the plaintiff on the ground that it undertakes to set up a new cause of action not in existence at the time of the commencement of the suit; and further that said reply does not state facts sufficient to constitute a cause of action against the demurring defendant.

From a judgment sustaining the demurrer of the Fidelity and Deposit Company of Maryland and dismissing plaintiff's reply, the plaintiff appeals, assigning errors.

*Peacock & Dawson, Cyrus D. Hogue and Bryan & Campbell for plaintiff.*

*Rountree & Carr and I. C. Wright for defendant, Fidelity and Deposit Company of Maryland.*

STACY, C. J., after stating the case: The first appeal in this case was heard at the Spring Term, 1927, and is reported in 193 N. C., 769, 138 S. E., 143, reference to which may be had for a fuller statement of the facts.

Conceding, without deciding, that plaintiff may not recover in the present action on the alleged compromise agreement between the Fidelity and Deposit Company of Maryland and G. L. Miller & Company, still the demurrer was improvidently sustained, for it is alleged in plaintiff's

reply that said compromise agreement was made with full knowledge of all the facts, and that such action on the part of the surety company amounted to a waiver of any fraud that may have existed, and constituted a ratification of the original bond so far as plaintiff is concerned. This is admitted by the demurrer. To strike out the reply, therefore, would deny to the plaintiff the right to show ratification, if it can.

The compromise agreement is not before us for construction, as we are not permitted to look beyond the allegations of the reply, or travel outside the scope of the demurrer, in dealing with the present appeal. *Furniture Co. v. R. R.,* 195 N. C., 636, 143 S. E., 242; *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800.

A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting, for the purpose, the truth of the allegations of fact contained therein. *Meyer v. Fenner,* 196 N. C., 476; *Wood v. Kincaid,* 144 N. C., 393, 57 S. E., 4.

Reversed.