Civil action to recover for materials furnished by plaintiff and used by the contractor in building the Cape Fear Hotel in the city of Wilmington.
Upon denial of liability by the bonding company, and issues joined, the jury returned the following verdict:
"1. Was the execution of the bond of 2 November, 1923, on the part of the Fidelity and Deposit Company of Maryland, procured by false and fraudulent representations, or the fraudulent concealment of facts on the part of Walter Clark, as alleged in the answer of said Surety Company? Answer: Yes.
"2. If so, did Miller Company have knowledge of, or participate in said fraudulent representations or concealment of facts as alleged in said answer? Answer: Yes.
"3. If there were such fraudulent representations or concealment of facts as alleged, did the Fidelity and Deposit Company of Maryland, after the discovery thereof, retain the premium, and hold and claim the benefit of the indemnity obligation of Broadfoot, as alleged by the complaint? Answer: Yes, by the court.
"4. If there were such fraudulent representations or concealment of facts, as alleged by the defendant, Surety Company, has said Surety Company, by its acts and conduct waived the same and ratified the contract or suretyship as alleged by the plaintiff? Answer: No, by the court.
"5. What amount is the plaintiff entitled to recover of the defendant, Fidelity and Deposit Company? Answer: ________."
From a judgment on the verdict, relieving the Fidelity and Deposit Company of Maryland from liability on its bond, but requiring a return of the premium paid thereon, the plaintiff appeals, assigning errors.
This action was instituted 24 August, 1925. It has had many hearings in the Superior Court, and this is the third appeal here. Former appeals reported in 193 N.C. 769, and 197 N.C. 10.
A careful perusal of the record leaves us with the impression that the case has been tried substantially in accord with the principles of law applicable, and that the verdict and judgment should be upheld.
The trial court correctly ruled that in an action to recover on the contract it is not necessarily a waiver of the right of avoidance for a surety company, while defending said action, to retain the premium paid on the policy until its alleged fraudulent procurement can be determined. 14 R. C. L., 1193.
No error.