## STRAUSS *v.* BRAIKER.

This case is controlled by *James S. Holden Co.* v. *Applebaum,* 263 Mich. 507.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted June 8, 1933. (Docket No. 61, Calendar No. 37,092.) Decided August 29, 1933.

Bill by Herman S. Strauss, as successor-trustee, against Sol Braiker and others to foreclose a trust mortgage and for deficiency decree. From decree for deficiency against defendant David Davis, he appeals. Affirmed.

*George E. Brand,* for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell (A. E. Smith,* of counsel), for defendant Davis.

CLARK, J.  Dora Braiker, mortgagor in a mortgage to secure an issue of bonds, conveyed to Julius Berman and David Davis by warranty deed, the grantees assuming and agreeing to pay the mortgage debt.

The question here on the appeal of Davis is the right of the mortgagee and trustee to have personal decree for deficiency against him, and the denial of such right is based upon a purported assignment by Dora Braiker of "the covenant in said deed, that the vendees therein assume and agree to pay the mortgages therein set forth," to Edward J. Strata and Gerson Cass, otherwise strangers to the matter.

After the conveyance to Davis, and (quoting from brief)—"during the four years that Davis managed the property Davis made the sinking fund deposits required by the mortgage. The Strauss Company on August 29, 1925, December 15, 1925, and April 30, 1928, delivered canceled bonds and coupons so paid to defendant Davis and received from him written receipts therefor," before the purported assignment notices of default had been given by the trustee.  On the facts, the case is controlled by *James S. Holden Co.* v. *Applebaum,* 263 Mich. 507.  See, also, *Federal Bond & Mortgage Co.* v. *Shapiro,* 219 Mich. 13.

It might be added that the assignment here to strangers is nothing beyond an idle gesture.  *Woodcock* v. *Bostic,* 118 N. C. 822 (24 S. E. 362).

Affirmed, with costs.

MCDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.