In re CHAMPION BANK AND TRUST COMPANY, CANTON, N. C.

(Filed 27 February, 1935.)

**1. Banks and Banking H e—**

> Where a petition to establish creditor's claim against an insolvent bank also alleges a right to preference in payment, and the allegations are sufficient to state a claim of commonalty at least, a demurrer to the petition is improperly allowed.

**2. Pleadings D a—**

> A demurrer for failure of a pleading to state a cause of action should be denied unless the pleading is wholly insufficient for any cause, since a demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter.

Appeal by petitioner from *Rousseau, J.*, at January Term, 1935, of Haywood.

Petition in the cause to establish creditor's claim, also alleging a preference.

The petition alleges:

1. That the Champion Bank and Trust Company, Canton, N. C., ceased to do business and closed its doors, because of insolvency, on 6 March, 1933.

2. That for many months prior thereto petitioner, a resident of Lakeland, Fla., had on deposit in said bank the sum of $1,192.80, evidenced by time certificate of deposit.

3. That due notice was given, in accordance with the terms of said certificate, that petitioner wished to withdraw her deposit. This notice was given 30 January, 1933, and the certificate forwarded to the bank on 20 February, with request that prompt remittance be made therefor.

4. That said certificate was in the hands of the bank, properly endorsed, with request for prompt remittance, more than five days prior to the closing of the bank.

Wherefore, petitioner claims a preference under C. S., 218 (c) (14).

To this petition the Commissioner of Banks demurred *ore tenus* on the ground that the petition does not state facts sufficient to constitute a cause of action.

From a judgment sustaining the demurrer and dismissing the petition the petitioner appeals, assigning error.

*Jones & Ward for petitioner.*
*F. E. Alley, Jr., for Hood, Comr. of Banks.*

STACY, C. J. The demurrer was sustained on the ground that the facts alleged do not constitute a preference under C. S., 218 (c) (14). *Lamb v. Hood, Comr.,* 205 N. C., 409, 171 S. E., 359. But this is not all the petition alleges. It undoubtedly states a valid claim of commonalty, if not one of preference. *Trust Co. v. Hood, Comr.,* 206 N. C., 268, 173 S. E., 601; *Flack v. Hood, Comr.,* 204 N. C., 337, 168 S. E., 520.

A demurrer goes to the heart of a pleading and challenges the right of the pleader to maintain his position in any view of the matter, admitting for the purpose the truth of the allegations of fact contained therein. *Glass Co. v. Hotel Corp.,* 197 N. C., 10, 147 S. E., 681; *Ellis v. Perley,* 200 N. C., 403, 157 S. E., 29. Accordingly, it has been said in a number of cases that a pleading is not demurrable, unless wholly insufficient for any cause. *Meyer v. Fenner,* 196 N. C., 476, 146 S. E., 82. "If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient"—*Walker, J.,* in *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874.

The question of preference is not raised by the demurrer. Hence, it follows that the demurrer should have been overruled.

Reversed.