J. Q. ADAMS AND WIFE, ZEBBIE ADAMS, v. D. W. CLEVE AND WIFE, CLYDE CLEVE; W. A. CLEVE AND WIFE, LUCRETIA CLEVE; A. J. WALL AND WIFE, SOPHRONIA WALL; AND H. C. SMITH.

(Filed 16 October, 1940.)

**1. Pleadings §§ 20, 28—**

   Plaintiffs' demurrer to the answer and motion for judgment on the pleadings challenge the sufficiency of the matter set up in the answer to constitute a defense, admitting the facts alleged in the answer and relevant inferences of fact necessarily deducible therefrom and construing the allegations liberally in favor of the defendant.

**2. Same: Process § 10—Facts as alleged in the pleading are to be taken as true upon demurrer or motion for judgment on the pleadings.**

Plaintiffs' cause of action depended upon the validity of a judgment theretofore rendered in their favor. Defendants' answer alleged that the judgment was obtained without valid service of process. *Held:* While the return of the officer may not be collaterally attacked, this principle may not be invoked by demurrer or motion for judgment on the pleadings but should be presented by introducing in evidence the officer's return, and since the allegation of want of valid service must be taken as true, and may not be modified by findings of the court, the demurrer and motion should have been overruled.

**3. Pleadings § 23—**

Ordinarily, when a demurrer is sustained, the opposing pleader will be permitted to amend if he so desires. C. S., 515.

APPEAL by defendants from *Hamilton, Special Judge,* at May Term, 1940, of PITT. Reversed.

*Julius Brown and J. B. James for plaintiffs, appellees.*
*Dink James for defendants, appellants.*

DEVIN, J. Plaintiffs instituted this action to enforce the lien of a judgment upon land now in the possession of defendant Smith. In their complaint they alleged that in 1926 judgment was rendered in their favor and against the defendants Wall, constituting a lien on the land of defendant Sophronia Wall, and that upon this judgment execution was issued and the homestead of Sophronia Wall allotted in this land, in 1927. Plaintiffs further alleged that in 1938 Sophronia Wall and her husband conveyed the land to defendants Cleve, who in turn conveyed to defendant Smith, who is now in possession.

Defendants answered denying the validity of the judgment and of the homestead allotment, and alleging that the judgment was void for that no summons, or notice of any kind, was ever served on Sophronia Wall, who was at that time under the age of twenty-one years, and that no notice of execution or homestead appraisal or allotment was ever served or given her, and that if the alleged judgment ever had vitality, which was denied, it was now barred by the statute of limitations.

At the hearing plaintiffs demurred *ore tenus* to the answer and moved for judgment on the pleadings. The court below sustained the demurrer and allowed the motion for judgment on the pleadings. The ruling of the court was based upon certain findings of fact, in addition to those set out in the answer, which findings were incorporated in the judgment.

The plaintiffs' demurrer to the answer and motion for judgment on the pleadings challenged the sufficiency of the matters set up in the answer to constitute a defense to the plaintiffs' cause of action, *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419; *Mitchell v. Strickland,* 207

N. C., 141, 176 S. E., 468; *Cody v. Hovey,* 216 N. C., 391; *Sills v. Morgan,* 217 N. C., 662; and in the consideration of the demurrer and motion the rule applies that the allegations of facts contained in the answer, and relevant inferences of fact necessarily deducible therefrom, are deemed admitted, and that the allegations are to be construed liberally in favor of the pleader. *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761; *Bessire & Co. v. Ward,* 206 N. C., 858, 175 S. E., 208; *Mitchell v. Strickland, supra; Ins. Co. v. McCraw,* 215 N. C., 105 1 S. E. (2nd), 369; *Parks v. Princeton,* 217 N. C., 361; C. S., 535.

Hence it would seem that the allegations in the answer that the judgment sued on was void for want of service of summons or other process on defendant Sophronia Wall who was then a minor, and that judgment was rendered without notice to her, must be held to constitute a defense, in the absence of any facts to negative the conclusion asserted. Service of summons is a jurisdictional requirement. *Stancill v. Gay,* 92 N. C., 462; *Guerin v. Guerin,* 208 N. C., 457, 181 S. E., 274; *Downing v. White,* 211 N. C., 40, 188 S. E., 815; *Denton v. Vassiliades,* 212 N. C., 513, 193 S. E., 737; *Groce v. Groce,* 214 N. C., 398, 199 S. E., 388.

While it is an established principle in this jurisdiction that a judgment based upon apparent service of process by a proper officer may not be collaterally impeached, the officer's return being deemed *prima facie* sufficient evidence of service (C. S., 921), and that in such case the correct procedure for rebutting the presumption and asserting failure of service is by motion in the cause (*Comrs. v. Spencer,* 174 N. C., 36, 93 S. E., 435; *Stocks v. Stocks,* 179 N. C., 285, 102 S. E., 306; *Caviness v. Hunt,* 180 N. C., 384, 104 S. E., 763; *Graves v. Reidsville,* 182 N. C., 330, 109 S. E., 29; *Dunn v. Wilson,* 210 N. C., 493, 187 S. E., 802; *Downing v. White, supra*), this principle is not available to the plaintiffs on the demurrer to the answer in this case. To sustain the demurrer the plaintiffs must call to their aid facts which do not appear in the answer. *Von Glahn v. DeRossett,* 76 N. C., 292; *Kendall v. Highway Commission,* 165 N. C., 600, 81 S. E., 995; *Sandlin v. Wilmington,* 185 N. C., 257, 116 S. E., 733; *Brick Co. v. Gentry,* 191 N. C., 636, 132 S. E., 800; *Glass Co. v. Hotel Corp.,* 197 N. C., 10, 147 S. E., 681; *Justice v. Sherard,* 197 N. C., 237, 148 S. E., 241; *Mack v. Marshall Field & Co.,* 217 N. C., 55; *Gaynor v. Port Chester,* 160 N. Y. S., 978; 49 C. J., 420; C. S., 517.

If it be that the summons in the original action showed proper service, that fact may be shown in evidence at the trial or set up by further pleading on the part of the plaintiffs, but not by a demurrer which admits the facts as alleged in the answer. The findings of other and additional facts by the court as the basis for its ruling on the demurrer do not affect the question of the sufficiency of the pleadings challenged by the demurrer. *Gaynor v. Port Chester, supra.*

Ordinarily, when a demurrer is sustained, the opposing pleader will be permitted to amend if he so desires, as pointed out in *Cody v. Hovey,* 216 N. C., 391 (395); *Scott v. Harrison,* 217 N. C., 319; *Johnston County v. Stewart,* 217 N. C., 334; *Morris v. Cleve,* 197 N. C., 253, 148 S. E., 253; C. S., 515.

The ruling of the court below in sustaining plaintiffs' demurrer to the answer and rendering judgment on the pleadings must be

Reversed.