MANUFACTURING CO. v. CLOER.

(Filed November 28, 1905).

*Ejectment—Trespass—Equitable Defense—Duty to Tender Issue—Evidence.*

1. In an action to recover lands and for damages for a trespass thereon, where the defendant denied the allegations of the complaint and alleged mutual mistake as a foundation for correcting the deed, but no issue was submitted by the court or tendered by the defendant upon this equitable defense, it was error to admit evidence of the alleged mistake.

2. If the defendant relied upon the equitable matter set out in the answer, it was his duty to tender appropriate issues upon which the facts set out could be found.

3. Where the defendant in his answer sets up a mistake in a deed under which he claims, but does not pray for a reformation thereof, yet the court may award such relief, if the allegations of the answer and the findings of the jury upon appropriate issues justify it.

ACTION by Gwyn-Harper Manufacturing Company against E. F. Cloer and another; heard by *Judge James L. Webb* and a jury, at the February Term, 1905, of the Superior Court of CALDWELL.

This is an action to recover certain lands and for damages for a trespass thereon. These issues were submitted: (1) Is

the plaintiff the owner of the lands described in the complaint or any part thereof? A. Yes; south of dotted lines from four to seven. (2) Have the defendants, or either of them, trespassed upon the land described in the complaint? A. No. (3) What damage, if any, has plaintiff sustained? A. (No.) Nothing.

From the judgment rendered, plaintiff appealed.

*Edmund Jones* for the plaintiff.
No counsel for the defendants.

BROWN, J. The plaintiff alleges in the complaint that it is the owner and entitled to the possession of the land described therein and that the defendants unlawfully entered and trespassed thereon. The defendants deny those allegations and in their answer also make the following allegation as a foundation for correcting and reforming the deed, viz.:

"4. The defendants admit that in the year . . . . the defendant, E. F. Cloer, executed a deed to one Monroe Minish for the land described in the first paragraph of the complaint, but they aver that the last call in the description was erroneous; that said call, instead of being thence 'north to Cloer's back line' should have been 'west to Cloer's back line;' that the error was due to the mistake and oversight of the draftsman, J. C. Harper, now deceased, and was made by mutual mistake and oversight of the grantor, the said E. F. Cloer, and the grantee, Monroe Minish, or by the mistake of E. F. Cloer and the fraud of Monroe Minish. Having answered the complaint fully the defendants ask that they go hence without day and recover their costs."

The defendants do not pray for a reformation of the deed as they should have done, but the court would award it if the allegations of the answer and the findings of a jury upon appropriate issues justified it.

Upon the trial, the defendants introduced E. F. Cloer, who

claims to be the owner of the land in dispute, and proposed to prove by him that at the time of the sale of the land by him to Minish in March, 1881, a mistake was made in the calls of the deed; that instead of *north* to Cloer's back line as shown in the deed, the call should have been *west* to Cloer's back line, and running west as contended for by defendants, the land in dispute would have been left out of the boundary conveyed to Minish. The plaintiff excepted to the introduction of this evidence. We think the exception well taken.

The form of the issues did not justify the reception of such evidence. There was no exception to the issues by either party and no other issues were tendered by the defendants.

If the defendants relied upon the equitable matter set out in the answer, it was their duty to tender appropriate issues upon which the facts set out in their fourth allegation could be found. If the plaintiff desires to meet such new matter by denying it, and also by averring that he is an innocent purchaser for value without notice, and that the defendants are guilty of laches in correcting his deed, he should file a proper replication to the answer, and upon the trial should tender appropriate issues.

Upon the form of the issues, we hold His Honor erred in admitting the evidence.

New Trial.