THOMAS BURLESON v. EMILY STEWART.

(Filed 15 December, 1920.)

**1. Divorce—Marriage—Annulment of Marriage—Husband and Wife—Deeds and Conveyances—Living Husband.**

After a conveyance reserving an estate for life in the grantors, supposedly husband and wife, it was ascertained and decreed in a former action that at the time of the marriage the wife had a living husband, and this second contract of marriage was afterwards annulled by decree. The plaintiff was the owner of the land, and the defendant joined in his deed as his wife, and as such only was intended by the reservation of the life estate, construing the deed as a whole in the light of surrounding circumstances: *Held*, there being no one to take her estate, the title thereto remained solely in her husband.

**2. Deeds and Conveyances—Reformation—Marriage—Annulment of Marriage—Mistake—Fraud—Divorce—Equity.**

Where a marriage has been annulled because the wife had a living husband at the time, and the husband has made a conveyance of his own land, reserving a life estate for himself and the woman as his wife, equity will reform the deed so as to exclude the wife, either upon the ground of mistake of the husband, or for the fraud of the wife in going through the marriage ceremony knowing she then had a living husband, and the plaintiff will recover the land in his suit against her.

APPEAL by plaintiff from *Harding, J.,* at the April Term, 1920, of MITCHELL.

This is an action to recover the possession of land, and to determine the rights of the plaintiff and the defendant therein.

Prior to 4 January, 1915, the plaintiff, T. C. Burleson, was the owner of the land, and on that day he and the defendant executed a deed to George W. Burleson and three others, in which the grantors are described as T. C. Burleson and wife, Emily L. Burleson, and reserving to the said T. C. Burleson and wife, Emily L. Burleson, an estate for life therein.

In 1916 the plaintiff, T. C. Burleson, brought an action against the defendant for the annulment of their marriage, alleging that the defendant had a living husband at the time she married him, and in said action it was so found, and a decree was entered annuling the marriage.

Upon these facts his Honor held that the plaintiff and defendant were tenants in common for life in the land in controversy, and as the defendant was in possession thereof, that the plaintiff be let into possession with her, and the plaintiff excepted and appealed.

*Hudgins & Watson and Charles E. Greene for plaintiff.*
*McBee & Berry for defendant.*

DIXON v. HORNE.

ALLEN, J. This controversy between the plaintiff and the defendant does not affect the title of the grantors in the deed, who are the owners in fee of the remainder interest in the land as tenants in common.

The only question is as to the right of the defendant to a life estate, which depends upon a construction of the deed in the light of the surrounding circumstances, and, "Under the modern rule of construction, little importance is attached to the position of the different clauses in a deed, and the courts look at the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties." *Thomas v. Bunch,* 158 N. C., 178.

Under the authority of *In re Dixon,* 156 N. C., 26, approved in *Thomas v. Bunch,* 158 N. C., 179; *Baggett v. Jackson,* 160 N. C., 31, and *Beacom v. Amos,* 161 N. C., 366, the reservation in the deed would undoubtedly have given to the defendant a life estate if she had been the wife of the plaintiff, but we must look at the whole deed and give effect to the intent of the parties.

The plaintiff was the owner of the land and the defendant joined in the deed as his wife, and it is clear that the reservation in the deed was not to the defendant, but to the wife of the plaintiff, and as her marriage with the plaintiff was void, she having at that time a living husband, there was no one to take the benefit of the reservation to her according to the intent of the owner of the land, and it would therefore be void.

Again, the deed was executed either by the mutual mistake of both parties, if both believed the former husband to be dead, or by the mistake of the husband, the plaintiff, and the fraud of the wife, if she married the plaintiff knowing that her former husband was living, and in either event the court of equity would reform the deed and restore the plaintiff to his rights as owner of the land.

We are therefore of opinion that the defendant has no rights in the land in controversy, and that the plaintiff is entitled to recover possession thereof.

Reversed.