SYLVIA G. TEXIDO (Now ANTHONY), Plaintiff, v. LEONARD MERICAL and Another, Defendants.

Supreme Court, Erie County, September 18, 1928.

Partition — tenants in common — defendants, man and wife, separated twenty years ago — plaintiff and male defendant thereafter assumed relations of man and wife but were not formally married — property in question was bought by plaintiff and male defendant and deeded to them as husband and wife — marriage was not valid and property is held as tenants in common (Real Prop. Law, § 66) — amount paid by plaintiff on purchase is immaterial — male defendant not entitled to reimbursement for upkeep of property — male defendant entitled to be reimbursed for payments made on second mortgage.

The defendants separated as husband and wife about twenty years ago. Thereafter the male defendant and the plaintiff began living together as husband and wife but they were not formally married. In 1919 a house and lot were purchased by them and the deed was made to them as husband and wife. In 1926 the first wife reappeared and the male defendant resumed marital relations with her.

In view of the fact that the parties were not legally married, they held the property in question as tenants in common (Real Prop. Law, § 66) and the amount of money paid by the plaintiff on the purchase price is immaterial.

The male defendant is entitled to be reimbursed for the amount paid on the second mortgage, but is not entitled to reimbursement for interest, taxes and repairs, since it was his obligation to furnish a home for the plaintiff, he having assumed to act as her husband.

From the date of the reappearance of the first wife, the male defendant is entitled to be reimbursed for upkeep and carrying charges, but an allowance must be made by way of reduction for rent received for use and occupation of the property, and when that is made the two items practically offset each other.

The property is directed to be sold and one-half of the balance of the proceeds, after allowing the male defendant the amount paid on the second mortgage

is directed to be paid to the plaintiff, and the remaining half to the male defendant upon the condition that the female defendant execute a release of her right of dower, and if she does not do so, then that half shall be paid into court subject to its order.

ACTION for partition.

*Richard W. Caudell,* for the plaintiff.

*Andrew Gilfillan* and *Irving W. Cole,* for the defendants.

CHARLES B. WHEELER, Official Referee. This is an action for the partition of certain real estate consisting of a house and lot in the city of Buffalo. Up to July 1, 1926, the plaintiff and the defendant Leonard Merical lived together as man and wife, and were known to their friends and neighbors as such. It appears Leonard Merical had been previously married to one Myrtle Merical, who is made codefendant in this action. Leonard Merical separated from his wife Myrtle over twenty years ago. The plaintiff testified Merical informed her he had obtained a divorce from his first wife. As matter of fact such divorce was never obtained. Merical testified he did not know the whereabouts of his wife Myrtle, and supposed her dead and did not state he had obtained a divorce. Any way the plaintiff and the defendant Leonard Merical began living together as man and wife, although no marriage ceremony was ever performed, and they never were legally married. The fact that no marriage ceremony was had gives the referee the impression both parties entertained doubts as to their right to be married, in view of the possibility of the first wife, Myrtle, not being dead.

In 1919 a contract was made for the purchase of a house and lot, and on July 1, 1920, the seller conveyed the property in question to " *Leonard Merical and Sylvia G. Merical, his wife.*" Had they been legally married this conveyance would have made the grantees tenants by the entirety. The conveyance was made subject to an existing mortgage for $2,300, which remains wholly unpaid at the present time, except for interest. The parties gave to the grantor a second mortgage for $1,018.65, which has been paid though not discharged. After getting their deed the parties continued to live together in the house purchased until their separation.

Sometime prior to July 1, 1926, the first wife, Myrtle Merical, made her appearance — a sort of female Enoch Arden. Thereupon the plaintiff and the defendant Leonard Merical separated, and the defendant Leonard Merical has resumed marital relations with his wife Myrtle, and they are now occupying the house and lot which is the subject of this partition action.

The plaintiff has brought this action on the theory that under

the circumstances she became and is to be regarded as a tenant in common with Leonard Merical.

We think that is the legal effect of the transaction.

Section 66 of the Real Property Law operates to make them tenants in common and this view appears to be sustained by the decisions. (*Stelz* v. *Shreck*, 128 N. Y. 263.) Two hundred dollars was paid on the contract of purchase before the deed was given. Of that sum the plaintiff testified she furnished $150. The defendant contends he repaid the plaintiff all the money she advanced. The plaintiff denies it. In the opinion of the referee it makes no difference whether or not the defendant paid the whole or only a part of the $200. The deed by mutual consent ran to them both, and how the down payment was made is of little consequence. If Leonard Merical paid all of the $200 the conveyance to them both was under the circumstances tantamount to a gift to the plaintiff of an undivided interest in the property. (*Weigert* v. *Schlesinger*, 150 App. Div. 765; affd., 210 N. Y. 573.) There was no agreement or expectation that the plaintiff should pay anything more than she actually paid. So the referee must eliminate any claim on the part of the defendant or plaintiff for any allowance on that account.

The evidence shows that after the deed was obtained there were monthly payments of $24 each made to the Kinsey Realty Company, the seller. Out of the moneys so paid the payee paid the interest on the first mortgage of $2,300 and the balance above such interest was applied as a payment on the principal and interest of the second mortgage for $1,018.65. These payments have practically, if not wholly, paid the second mortgage, and nothing is due thereon. These payments the evidence shows were made by the defendant Leonard Merical from moneys of his own. Some repairs were made to the house from time to time by the defendant and he asks that these repairs be allowed to him. He contends that the cost of these repairs with a proper allowance for his own time and labor will amount to about $700.

The defendant also paid the city and county taxes against the property for which he also asks an allowance, and also for some seventy-five dollars for fire insurance.

The facts are the plaintiff and defendant lived together as ostensible husband and wife down to July 1, 1926, when the first wife appeared and the parties separated. The plaintiff worked much of her time in a laundry earning about sixteen dollars a week. These moneys so earned as well as the earnings of the defendant Leonard Merical all went into a common pot to meet the household living expenses.

Under these circumstances the question arises as to what allowances should be made the defendant Leonard Merical for moneys he expended in connection with the property in paying interest and principal on the mortgages, for taxes, repairs, insurance and such things.

It is difficult under the circumstances to figure out in dollars and cents exact equity between the parties, but we think that substantial justice can be arrived at.

The referee takes into consideration the relations of the parties. The plaintiff was living with the defendant as his wife, though not legally married to him. For all that appears the parties supposed for all purposes they were such. Until wife number one appeared the defendant evidently believed the plaintiff was his wife. At any rate he had the property deeded to himself and the plaintiff as husband and wife. So long as they lived together as such he was in duty bound in equity at least to furnish a suitable home for his supposed wife. This he in fact assumed to do, and this involved the necessary expense of keeping up the place. It involved the payment of taxes, the payment of interest on mortgages, the making of proper repairs, and the payment of insurance premiums.

In making such payment there was no expectation or agreement for reimbursement by the plaintiff and we do not think the defendant can equitably claim them. Certainly not had the strict legal relation of husband and wife existed, and we think for the purposes of this action under the peculiar circumstances of the case we must treat the parties up to the time of their separation on July 1, 1926, as sustaining the relation of husband and wife so far as this property is concerned. Had this property not been purchased the defendant would have paid for rental of a home substantially the same amount he expended for carrying charges of the property in question.

When we come to consider the payments on the principal of the second mortgage that went to enhance the value of the interest of the plaintiff as tenant in common, we are of the opinion that the principal amount of that second mortgage should be allowed the defendant Leonard Merical, and in the event of a sale of the property under a judgment in this action, the defendant Leonard Merical should be paid from the proceeds the amount paid by him on said principal, but without interest on said sums.

However, when the parties separated on July 1, 1926, their relations changed. From that date they became strangers to each other, and payments made to protect and carry the property from that date are properly chargeable against it. In so doing, however, a proper allowance should be made by way of reduction

for the rents received and for the use and occupation of the property. These we think practically offset each other. In other words, the carrying charges are offset by the value o the use and occupation and rents received.

To illustrate:

| | | | |
|---|---|---|---|
| The defendant received as rental from July 1, 1926, to April 1, 1928, $35 per month...................... | | | $735 00 |
| From April 1, 1928, to October 1, 1928, at $35 per month......................................... | | | 210 00 |
| Total income.................................. | | | $945 00 |
| As deductions defendant has paid since July 1, 1926, for taxes......................... | | $170 42 | |
| $24 per month on mortgage since July 1, 1926... | | 648 00 | |
| Repairs to furnace grates.................. | | 16 80 | |
| Gutter pipe............................... | | 33 80 | |
| Storm windows............................. | | 30 00 | |
| Papering kitchen and hallway.............. | | 17 00 | |
| Paint...  ................................ | | 20 00 | |
| Total expenditures............................ | | | 936 02 |
| In favor of plaintiff........................ | | | $8 98 |

To summarize our conclusion, the plaintiff is entitled to a judgment decreeing the plaintiff and defendant Leonard Merical are equal owners as tenants in common of the property described in the complaint, subject, however, to a mortgage on said premises for the sum of $2,300.

That said property be sold according to the practice in such cases by a referee to be named by the court.

That after paying the expenses of such sale and such existing taxes as are a lien thereon from the proceeds of said sale the defendant Leonard Merical be paid the sum of $1,018.65, with interest thereon from July 1, 1926.

That the balance of the proceeds of said sale be equally divided, one-half thereof to be paid to the plaintiff herein. That the remaining one-half be paid to the said Leonard Merical provided his wife Myrtle Merical execute a release of her right of dower in said amount. That in the event she neglects or refuses to execute such a release then said sum be paid into court subject to its further order.

In view of the fact that each party has partially succeeded in this action no costs should be awarded either party, neither of whom is entirely blameless in this action.

So ordered.