JAMES STROUD, BY HIS NEXT FRIEND, CHARLES B. CAUDLE AND J. A. STROUD, v. THE SOUTHERN OIL TRANSPORTATION COMPANY.

(Filed 25 May, 1938.)

1. **Pleadings § 20—**

A demurrer cannot be sustained if plaintiff is entitled to recover on any aspect of the case presented in the complaint.

2. **Appeal and Error § 40f—**

Upon appeal from judgment sustaining a demurrer, the Supreme Court is required to decide solely whether the complaint is sufficient to allege a cause of action on any aspect, and it will not consider the merits of the controversy.

3. **Negligence § 16—Complaint held to allege actionable negligence, the relationship between the parties being determinable upon the trial.**

Plaintiff alleged that he was employed at a filling station, that defendant's agents drove a truck into the station for servicing, that the truck was of the dual wheel type, requiring a long valve stem for safety, but that the long stem on defendant's truck had been changed to a short stem, requiring plaintiff to put his hand in the narrow space between the tires in servicing the inside tire, that when plaintiff did so, the flange of the inner wheel flew loose and crushed his hand, that the flange was in a dangerous condition because the truck had been driven on a slack tire which gave no support to the flange, or because of the improper adjustment of the flange, or its worn and defective condition, that defendant's agents knew or should have known of the dangerous condition and invited

or permitted plaintiff to service the tire without giving warning thereof. *Held:* The complaint is sufficient as against demurrer, the relationship between the parties, whether bailment, employment or independent contractor, being determinable upon the trial.

APPEAL by defendant from *Phillips, J.,* at March Term, 1938, of ANSON. Affirmed.

In the court below the defendant demurred to the complaint upon the ground that it did not state a cause of action against it.

In narrative form, the principal allegations of the complaint relating to the appeal are substantially as follows:

The plaintiff was employed at a filling station, and it was his duty, among other things, to service automobiles brought to the station for that purpose by pumping air into the tires until the right pressure had been obtained. This was, in so far as the filling station was concerned, a free service.

The agents of the defendant drove a truck upon the premises of the filling station to have a slack tire inflated, placed it in proper position, and, at the request of the defendant's agents, the plaintiff undertook the service required.

The truck was of the dual wheel type—that is, it had two wheels on each end of the axle, with their separate tires close together. The tire which plaintiff was requested to inflate was on the inside wheel on the left rear side.

It was alleged that long valve stems are uniformly and commonly used for the tires of such inner wheels, as a safety device, and to prevent the necessity of putting the hands or fingers between the wheels or tires, which is alleged to be a dangerous place; and that this truck had been originally equipped with such a long valve stem, but was now without it.

In attempting to attach the air hose to the short valve stem of the inner tire tube, it was necessary for plaintiff to put his hands into the narrow space between the wheels. While he was doing so, the rim or flange of the inner rear wheel "flew loose," and crushed his hand, amputating some of the fingers.

It is alleged that the truck had been driven around twenty miles on a slack tire, and that by reason of the displacement so caused, or the unsupported condition of the flange, or improper adjustment thereof, or the worn and defective condition of the flange, a dangerous condition was caused and permitted to exist. That all of these things were known, or should have been known, to defendant's agents, and that in disregard or neglect of defendant's duty to inform the plaintiff, they negligently invited and permitted him to service the tire in ignorance of its dangerous condition, thus proximately causing his injury.

Upon a judgment overruling the demurrer, the defendant appealed.

*E. A. Hightower for plaintiff, appellee.*
*J. Laurence Jones and J. L. DeLaney for defendant, appellant.*

SEAWELL, J. If the plaintiff is entitled to recover on any aspect of the case presented in his complaint, the demurrer cannot be sustained. *Kirby v. Reynolds,* 212 N. C., 271; *In re Trust Company,* 207 N. C., 802, and cases there cited. In that event, it is immaterial for the purpose of a decision in this Court how the relationship between plaintiff and defendant should be classified. *Trust Co. v. Webb,* 206 N. C., 247, 250. It may be necessary on the trial of the case to determine whether that relation arises out of bailment, employment as master and servant, or independent contract, all of which theories are presented in the argument, and the evidence may throw more light on these questions than we now have. But it is not the practice of the Court to consider the merits of the controversy upon an appeal from a judgment overruling a demurrer to the complaint. *Furniture Co. v. R. R.,* 195 N. C., 636, 143 S. E., 242.

It is sufficient to say that we cannot reach the conclusion that the plaintiff is not entitled to recover under any aspect of his complaint, liberally construed, upon which supporting evidence may be properly submitted. *Rodwell v. Coach Co.,* 205 N. C., 292, 171 S. E., 100; *Joyner v. Woodard & Co.,* 201 N. C., 315, 160 S. E., 288.

The judgment overruling the demurrer is
Affirmed.