LORENZA THOMAS, ADMINISTRATOR OF JOSEPH THOMAS, DECEASED, v. THE ATLANTIC & NORTH CAROLINA RAILROAD COMPANY, A CORPORATION.

(Filed 9 October, 1940.)

**1. Pleadings § 15—**

If the complaint states facts sufficient to entitle plaintiff to recover on any aspect of the case, or on any theory of liability, a demurrer thereto cannot be sustained.

**2. Railroads § 10—**

Complaint in this action to recover for death of intestate, a minor killed while under or around boxcars standing on a spur track near a grade crossing, *held* sufficient as against demurrer.

APPEAL by defendant from *Thompson, J.,* at April Term, 1940, of WAYNE. Affirmed.

*J. Faison Thomson and Paul B. Edmundson for plaintiff, appellee.*
*Allen & Allen and W. A. Dees for defendant, appellant.*

THOMAS *v.* R. R.

SEAWELL, J. This is an action to recover damages for the injury and death of plaintiff's intestate as the proximate result of defendant's negligence. It comes here on appeal from a judgment overruling defendant's demurrer to the complaint, as not stating a cause of action.

Whether plaintiff, in the main, bases his right of recovery on the theory of attractive nuisance, we need not stop to inquire, although defendant's argument is largely addressed to that phase of the case. But if plaintiff can recover on any aspect of the facts set up in the complaint, whatever theory may be stressed, the demurrer cannot be sustained. *Stroud v. Transportation Co.,* 213 N. C., 642, 197 S. E., 199; *Toler v. French,* 213 N. C., 360, 196 S. E., 312; *Meyer v. Fenner,* 196 N. C., 476, 146 S. E., 82; *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807; *Caho v. R. R.,* 147 N. C., 20, 60 S. E., 894. See, also, *Enloe v. Ragle,* 195 N. C., 38, 141 S. E., 242. Without intending to pass upon other allegations of the complaint, favorably or unfavorably, we are of the opinion that in section 4 it does set up sufficient facts to justify an inference of negligence and to entitle the plaintiff to make proof thereof, if he can, to the jury. We quote: "4. That the said street, at a point which the spur track was located, for a long period of time had been used, by the public, both in the daytime and in the nighttime, under the continued observation of the defendant, its employees and officials, who knew, and in the exercise of reasonable care and prudence should have known, that the said streets were so continually used; that the defendant, its employees and officers knew, that at such times as boxcars were parked or left standing on the spur track and across the street, these, using the streets, including minors, were accustomed to go under the cars, or through the point of connection of cars. And the defendant, its officers and agent knew, and by the exercise of reasonable care should have known, that minor children of tender age were accustomed to play under and around the cars, on said spur track."

It is not our intention to "chart the course of trial," or to present any theory upon which it may be had, or to say that plaintiff's position may not be aided by other portions of the complaint. It is not necessary to make an extended analysis of the pleading, and, for that reason, it is not reproduced in full.

The judgment overruling the demurrer is

Affirmed.