WALTER HAWKINS, NORA A. HAWKINS, D. C. ARRINGTON, ROSETTA ARRINGTON, DOLLIA ARRINGTON, STELLA ARRINGTON AND SABINA PERKINS v. THE FEDERAL LAND BANK OF COLUMBIA, SOUTH CAROLINA.

(Filed 4 March, 1942.)

**1. Mortgages § 30f—Complaint held to allege cause of action for breach of agreement to reinstate loan upon tender of delinquencies by specified date.**

Allegations that consent judgment of foreclosure was entered upon the *cestui's* agreement not to enforce the judgment until a specified date and to reinstate the loan upon payment of all delinquencies by that date, that plaintiff trustors made proper tender within the time specified, and that defendant *cestui* breached the agreement and had the lands sold under the consent judgment of foreclosure, *is held* to state a cause of action for breach of contract, and the granting of defendant's demurrer on the ground that the action was an attack of the consent judgment for intrinsic fraud by independent action is error.

**2. Pleadings § 20—**

A demurrer tests the sufficiency of the complaint to state a cause of action entitling plaintiff to any relief, and not its sufficiency to state a particular cause of action.

**3. Tender § 1—**

Allegations that plaintiffs were able, willing and ready to comply with the terms of the agreement, made tender to defendant of all items therein embraced, and that defendant failed to accept same, *is held* sufficient upon a liberal construction to allege a legal tender.

**4. Pleadings § 20—**

Upon demurrer a pleading will be liberally construed.

APPEAL by plaintiffs from *Johnson, Special Judge,* at October Term, 1941, of HALIFAX.

Plaintiffs alleged that in 1929 they executed a deed of trust to the defendant to secure a loan of $900; that upon delinquency in some of the payments due on the loan the defendant, in September, 1938, instituted an action to foreclose the deed of trust, but before the completion of the action the parties entered into a negotiation whereby it was agreed that upon payment of $87.00 by plaintiffs and consent by them to the judgment the defendant would refrain from enforcing the judgment until 1 November, 1939, and would, upon payment by the plaintiffs of all delinquencies, taxes, insurance and court costs before this date, reinstate the loan; that, relying on this agreement, plaintiffs consented to the judgment of foreclosure; that the plaintiffs "were able, willing and ready to comply" with the agreement "and made tender to the defendant of all the items mentioned in said agreement . . . before the 1st day of November, 1939, which was not accepted by the defendant"; but that the defendant fraudulently breached its agreement and had the lands sold under the consent judgment of foreclosure, the defendant becoming the purchaser. Wherefore plaintiffs sought damages and a cancellation of the commissioner's deed of the land to defendant, as well as other relief.

To this defendant demurred *ore tenus* for failure to state a cause of action, and the court sustained the demurrer. Plaintiffs appealed.

*Keel & Keel for plaintiffs, appellants.*
*Wade H. Dickens for defendant, appellee.*

SEAWELL, J. The case seems to have been tried in the court below upon the theory that the sole question involved was whether the judgment of foreclosure could be set aside because of fraud practiced by the present defendant in its procurement, and the judgment of the court seems to be based upon the principle that the fraud complained of, if it existed at all, was intrinsic and that therefore relief against the judgment of foreclosure could be had only by a motion in the cause rather than an independent action. Considered from the point of sufficiency in the pleading, fraud cannot be inferred from the bare facts set out in the complaint, if indeed it might be predicated upon the transactions alleged—a question as to which we are not called upon to decide. It is enough to say that there is no sufficient allegation of fraud.

But this does not dispose of the case since the plaintiff does plead facts which, if properly proved, might entitle him to damages for breach of contract, if by such breach the property which is the subject of the controversy and agreement has, by defendant's action and without fault of

the plaintiff, been so disposed of as to prevent his equity from attaching thereto. There might be other appropriate remedies if the property is still subject to this equity, however.

The disposition of defendant's demurrer involves a pure question of law, depending upon the sufficiency of the complaint to state a cause of action upon which the plaintiff might demand relief of whatsoever kind, and not the statement of a cause of action of a specified nature. *Jones v. Mial,* 79 N. C., 165, 168; *Knight v. Houghtalling,* 85 N. C., 17; *McNeill v. Hodges,* 105 N. C., 52, 11 S. E., 265; *Hendon v. North Carolina R. Co.,* 127 N. C., 110, 37 S. E., 155; *Staton v. Webb,* 137 N. C., 36, 49 S. E., 55; *Bolich v. Insurance Co.,* 206 N. C., 144, 173 S. E., 320; *Thomas v. R. R.,* 218 N. C., 292, 10 S. E. (2d), 722; *Dry v. Drainage Comrs.,* 218 N. C., 356, 359, 11 S. E. (2d), 143. We have nothing to do with the ability of the plaintiff to make good his challenge.

In the argument it was regarded as critical whether the plaintiff had sufficiently alleged tender of the items admittedly due at the time of the agreement upon which the consent order of foreclosure was made. The liberal construction accorded to pleadings under our code inclines us to answer this question in the affirmative. *Cotton Mills v. Mfg. Co.,* 218 N. C., 560, 11 S. E. (2d), 550.

The judgment sustaining the demurrer is overruled.

Reversed.