M. C. KEMP AND WILLIE DAVIS v. T. J. FUNDERBURK AND VEDA CROOM FUNDERBURK, HIS WIFE, THOMAS HARLEE, G. W. BELL, TRUSTEE, AND FAYETTEVILLE BUILDING & LOAN ASSOCIATION.

(Filed 24 May, 1944.)

**1. Reformation of Instruments § 2: Fraud § 2—**

In an action to reform an instrument based on false and fraudulent representations, the complaint must allege (1) that the representation was false; (2) that the person making the statement, or the person or persons responsible for it, knew it to be untrue or had a reckless disregard as to its truth or falsity; (3) that the statement was intended to mislead the plaintiff and induce him to act upon it; and (4) that the plaintiff did rely on the statement and acted upon it and has been damaged thereby.

**2. Pleadings §§ 3a, 20—**

In the construction of a pleading to determine whether or not the allegations meet the requirements laid down by the Court, we are directed by statute to construe such allegations liberally with a view to substantial justice between the parties. G. S., 1-151.

**3. Pleadings § 13½—**

The office of a demurrer is to test the sufficiency of a pleading, admitting for the purpose the truth of the allegations of facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted.

**4. Reformation of Instruments § 6—**

In a suit to reform an instrument on account of false and fraudulent representations made by defendants, where plaintiffs allege in their complaint that they were directed by defendants to deal with defendants' attorney, who prepared the papers, such attorney is not a necessary party to the action, for if false representations were made by such attorney, defendants would be liable for the acts of their agent.

**5. Same—**

In an action to reform a deed, all parties, claiming an interest in the land, or any part thereof, purported to be conveyed by the instrument to be reformed and whose interests may be affected by the reformation thereof, are necessary parties to the action.

KEMP v. FUNDERBURK.

APPEAL by defendants from *Nimocks, J.,* at December Term, 1943, of CUMBERLAND.

Civil action to reform a deed and to convert it into a mortgage or similar security.

Plaintiffs allege that they employed the defendant Harlee to negotiate a loan from the defendant T. J. Funderburk, the proceeds of the loan to be used to pay certain accrued taxes and other indebtedness which constituted liens against plaintiffs' property, said loan to be secured by a first mortgage or deed of trust on the land described in the complaint, and to be payable one year thereafter. Plaintiffs further allege that the defendant Funderburk agreed to make the loan on the terms and conditions above set forth and directed plaintiffs to deal with his attorney. Thereafter said attorney prepared the papers and assured plaintiffs that they were security for the repayment of the moneys aforesaid, one year thereafter, and the plaintiffs, who are colored and have but little education, relying on such assurance, executed the same; but plaintiffs have recently discovered that said paper writing is in fact a deed of conveyance to T. J. Funderburk. Further, "That by reason of the false and fraudulent representations to plaintiffs as hereinbefore set out and with the fraudulent intent and design on the part of the defendants Funderburk and Harlee, on which representations the plaintiffs relied, they were cheated and defrauded of their aforesaid property to their great damage," etc.

Plaintiffs also allege that on or about 27 November, 1942, the defendant T. J. Funderburk and wife executed a deed to the defendant Thomas Harlee, who had acted as agent in procuring the aforesaid loan in June, 1942, purporting to convey to him a part of the lands described in the aforesaid deed, and that the said Harlee thereafter borrowed from the Fayetteville Building & Loan Association the sum of $600.00, secured by a deed of trust on said premises.

The defendants T. J. Funderburk and wife, Veda Funderburk, and Thomas Harlee, filed demurrers to the complaint for that:

1. The complaint fails to state a cause of action in that there is no allegation of any false or fraudulent representations made by these defendants to the plaintiffs.

2. That the attorney alleged to have made the false representations is a proper and necessary party defendant.

3. That Thomas Harlee is an improper party defendant, for that it is alleged that he was the agent of plaintiffs.

Demurrers overruled, defendants appeal, assigning error.

*J. O. Talley and Robert H. Dye for plaintiffs.*
*Malcolm McQueen for defendants.*

DENNY, J.   Does the complaint state a cause of action bottomed on false and fraudulent representations, and, if so, should the attorney referred to therein be made a party defendant?

In an action to reform an instrument based on false and fraudulent representation, the complaint must allege (1) that the representation was false; (2) that the person making the statement, or the person or persons responsible for it, knew it to be untrue or had a reckless disregard as to its truth or falsity; (3) the statement was intended to mislead the plaintiff and induce him to act upon it; and (4) that the plaintiff did rely on the statement and acted upon it and has been damaged thereby.   *Ward v. Heath,* 222 N. C., 470, 24 S. E. (2d), 5; *Stone v. Milling, Co.,* 192 N. C., 585, 135 S. E., 449; *Evans v. Davis,* 186 N. C., 41, 118 S. E., 845; *Bell v. Harrison,* 179 N. C., 190, 102 S. E., 200; *Walsh v. Hall,* 66 N. C., 233.

In the construction of a pleading to determine whether or not the allegations meet the requirements laid down by the Court, we are directed by statute to construe such allegations liberally with a view to substantial justice between the parties.   G. S., 1-151; C. S., 535; *Hawkins v. Land Bank,* 221 N. C., 73, 18 S. E. (2d), 823.

"The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted. . . ." *Mallard v. Housing Agency,* 221 N. C., at p. 338, 20 S. E. (2d), 281, and the cases there cited.

We think the complaint herein, when construed in conformity with the authorities cited, does state a cause of action.

The appellants further contend that the attorney referred to in the complaint is a necessary party defendant.   The contention is untenable. The plaintiffs were directed to deal with Mr. Funderburk's attorney, and if false representations were made by him to the plaintiffs, while acting as agent of the defendants as alleged, the defendants are liable for the acts of their agent.   *Qui facit per alium facit per se.*   The action may be brought against the principals only.   *Griffin v. Lumber Co.,* 140 N. C., 514, 53 S. E., 307; 2 Am. Jur., sec. 436, p. 344.

The appellants have abandoned the contention that the defendant Harlee is an improper party.   We think it not amiss to state, however, that in an action to reform a deed, all parties claiming an interest in the land or any part thereof, purported to have been conveyed by the instrument sought to be reformed, and whose interest will be affected by the reformation of the instrument, are necessary parties to the action.   *First Nat. Bank v. Thomas,* 204 N. C., 599, 169 S. E., 189; G. S., 1-57; C. S., 446.

The demurrers were properly overruled.

Affirmed.