### REBA S. LAWRENCE v. LUTHER M. HEAVNER.

(Filed 1 November, 1950.)

**1. Husband and Wife § 14: Tenants in Common § 2—**

Where a man has property conveyed to himself and a woman under the mistaken belief that they are man and wife, and the purported marriage is later decreed void *ab initio*, the conveyance makes them tenants in common and, nothing else appearing, each is entitled to one-half the rents received from third parties.

**2. Trusts § 4b—**

The power of equity to decree a resulting trust where one person pays the purchase price for lands and has title taken in the name of another is exercised to effectuate the presumed intention of the parties, and therefore where a man intentionally has lands conveyed to himself and a woman under erroneous belief that they are man and wife, he is not entitled to have himself declared the sole owner under the doctrine of resulting trust even though he had paid the entire purchase price, since in such instance the deed was executed in accordance with the actual intent of the parties.

**3. Reformation of Instruments § 7—**

The equitable right to reformation may be invoked by a defendant by way of defense or counterclaim in an action based on the deed.

**4. Same—**

In plaintiff's action to recover one-half the rents from property as tenant in common, allegations in the answer that defendant had the property conveyed to himself and plaintiff under the mistaken belief that he and plaintiff were husband and wife and that her name was erroneously inserted therein as co-grantee because of her fraud in marrying him with knowledge that she had a living and undivorced husband by a former marriage, *is held* sufficient to invoke the equitable relief of reformation for mistake on one side induced by fraud on the other.

**5. Reformation of Instruments § 11—**

Where a man has a conveyance executed to himself and a woman under the mistaken belief that they are man and wife, and sufficiently sets forth a cause of action to reform the deed by striking therefrom her name as co-grantee on the ground of mistake induced by fraud, a verdict which merely establishes that the woman paid no part of the purchase price or improvement of the property is insufficient to support decree of reformation.

**6. Judgments § 9—**

Where an answer containing a counterclaim is not served on plaintiff or her attorney of record each allegation of the answer is deemed denied, G.S. 1-140, and therefore defendant cannot be entitled to a default judgment on the counterclaim on the ground that no reply was filed thereto.

APPEAL by plaintiff from *Crisp, Special Judge,* at the May Term, 1950, of CATAWBA.

Civil action in which plaintiff seeks an accounting for rents received by defendant from realty allegedly owned by parties in equal shares as tenants in common, and in which defendant undertakes by way of counterclaim to reform deed conveying such realty to the parties by striking out the name of the plaintiff as a co-grantee.

The matters stated in this paragraph are not in dispute. Plaintiff and defendant were purportedly married to each other in due form of law on 17 October, 1943, and cohabited together until February, 1947, when defendant learned that plaintiff's previous marriage to one Winfred T. Lawrence was still subsisting. Soon thereafter the defendant procured a decree in the Superior Court of Catawba County annulling his supposed marriage to the plaintiff and declaring it void *ab initio* on the ground that plaintiff had a living and undivorced husband at the time of its attempted solemnization. While they were living together, however, under color of their purported marriage, to wit, on 3 November, 1945, the plaintiff and the defendant acquired title to a three-apartment dwelling at West Hickory in Catawba County under a deed describing them "as Luther Heavner and wife, Reba Heavner." The defendant has enjoyed all rents arising from the property since his separation from plaintiff in February, 1947.

The complaint makes out this case: Plaintiff and defendant, honestly believing themselves to be united in lawful wedlock, bought the dwelling jointly, and took title to it in both of their names with actual intent to hold it as tenants by the entireties. Owing to the invalidity of their marriage, however, they became seized of the property in equal shares as tenants in common, and consequently the plaintiff is entitled to have the defendant account to her for one-half of the net rents received by him. The plaintiff prays judgment accordingly.

The answer contains a counterclaim. The answer was not served upon the plaintiff or her attorney of record, and the plaintiff did not reply to the counterclaim.

The counterclaim avers in specific detail that the defendant bought the three-apartment dwelling with his own moneys, and caused the deed covering it to be made to him and his supposed wife, the plaintiff, so that they could hold the property as tenants by the entireties; that the name of the plaintiff was erroneously inserted in the deed as a co-grantee at his

instance because of his mistaken belief that she was in fact his wife, and her fraud in marrying him with knowledge that she had a living and undivorced husband by a former marriage; and that the court should correct the deed by striking out the name of the plaintiff as a co-grantee. The defendant prays that the deed be reformed accordingly.

The parties offered testimony at the trial in support of their respective allegations.

The court submitted these four issues to the jury: (1) What is the purchase price of the real estate described in the complaint? (2) What amount, if any, did the plaintiff contribute towards the purchase price and improvement of the property described in the complaint? (3) What amount, if any, did the defendant contribute towards the purchase price and improvement of the property described in the complaint? (4) What amount, if any, has the defendant received from the property described in the complaint?

The jury answered the first issue "$2,800.00" and the second issue "nothing" and left the third and fourth issues unanswered. The court thereupon entered judgment reforming the deed by striking out the name of the plaintiff as a co-grantee, and the plaintiff appealed, making assignments of error sufficient in form to present the questions hereafter discussed.

*George D. Hovey for plaintiff, appellant.*

*R. H. Shuford and Russell W. Whitener for defendant, appellee.*

ERVIN, J.  If plaintiff and defendant had actually been married, they would have taken title to the property as tenants by the entireties in conformity with the manifest intention of the parties to the deed. *Winchester-Simmons Co. v. Cutler,* 199 N.C. 709, 155 S.E. 611. But since they were not in fact husband and wife, the conveyance to them made them tenants in common. *Texido v. Merical,* 230 N.Y.S. 605, 132 Misc. 764. Nothing else appearing, the interests of plaintiff and defendant in the property are equal, and plaintiff is entitled to have the defendant account to her for one-half of the net rents received by him from third persons. *Roberts v. Roberts,* 55 N.C. 128; *Jolly v. Bryan,* 86 N.C. 457.

It seems advisable to note at this point that no factual foundation exists for any contention that a resulting trust was raised in favor of the defendant in respect to the interest vested in the plaintiff by the conveyance, even if the defendant paid the entire purchase price for the property. Resulting trusts are established by equity for the purpose of carrying out the presumed intention of the parties. *Avery v. Stewart,* 136 N.C. 426, 48 S.E. 775, 68 L.R.A. 776. This being true, a resulting trust does not arise where a purchaser pays the purchase price of prop-

erty and takes the title to it in the name of another unless it can be reasonably presumed from the attending circumstances that the parties intend to create the trust at the time of the acquisition of the property. 65 C.J., Trusts, section 141. No such presumption can be indulged in the instant case. Both the pleadings and the testimony reveal that the parties actually intended that no trust should result.

When all is said, the answer alleges only one thing sufficient to defeat the plaintiff's cause of action on the present record, and that is the defendant's demand for the correction of the deed on which plaintiff's cause of action is based. Equity has jurisdiction to reform a deed for mutual mistake, or for mistake on one side and fraud on the other. *Cobb v. Cobb,* 211 N.C. 146, 189 S.E. 479; *Potato Co. v. Jeanette,* 174 N.C. 236, 93 S.E. 795; *Allen v. R. R.,* 171 N.C. 339, 88 S.E. 492. The equitable right to reformation may be invoked by a defendant by way of defense or counterclaim in an action based on the deed. *Cuthbertson v. Morgan,* 149 N.C. 72, 62 S.E. 744; *Manufacturing Co. v. Cloer,* 140 N.C. 128, 52 S.E. 305; *McLamb v. McPhail,* 126 N.C. 218, 35 S.E. 426.

The defendant does not seek to correct the deed for mutual mistake. He alleges with particularity in his counterclaim, however, that the name of the plaintiff was erroneously inserted in the deed as a co-grantee at his instance because of a mistake on his part superinduced by fraud on her part. He prays the court to reform the deed by striking out the name of the plaintiff as co-grantee. *Burleson v. Stewart,* 180 N.C. 584, 105 S.E. 182. The defendant will be entitled to the relief he seeks if he establishes the truth of his counterclaim by clear, strong and convincing evidence. *Hubbard & Co. v. Horne,* 203 N.C. 205, 165 S.E. 347; *Burton v. Insurance Company,* 198 N.C. 498, 152 S.E. 396.

The court erred, however, in granting the defendant such relief on the answers of the jury to the first and second issues, for the very simple reason that the issues submitted, with the responses of the jury thereto, are not sufficient to support the judgment and dispose of the matters in controversy. *McKenzie v. McKenzie,* 153 N.C. 242, 69 S.E. 134.

The suggestion of the defendant that the decree of the court can be sustained as a default judgment because the plaintiff did not reply to the counterclaim lacks validity. The answer containing the counterclaim was not served on the plaintiff or her attorney of record, and for this reason the counterclaim must "be deemed to be denied as fully as if the plaintiff . . . had filed an answer or reply denying the same." G.S. 1-140; *Miller v. Grimsley,* 220 N.C. 514, 17 S.E. 2d 642; *Lumber Co. v. Welch,* 197 N.C. 249, 148 S.E. 250.

For the reasons given, the verdict and judgment are vacated, and the plaintiff is awarded a

New trial.