RUDY V. DORSEY v. ISABELLE A. DORSEY

No. 8026DC1109

(Filed 1 September 1981)

1. Reformation of Instruments § 7— defendant's name on deed—no fraud

In plaintiff's action to have a deed reformed on the basis of fraud by defendant, evidence was sufficient for the jury to find that defendant made a false representation to plaintiff as to marital status at the time she married plaintiff which she knew was false. However, evidence was insufficient to show that the misrepresentation by defendant was intended to induce plaintiff to have her name put on the deed where it tended to show that the parties went through a marriage ceremony in 1960; prior to the purported marriage to plaintiff, defendant had married another man from whom she was divorced in 1963; the parties lived as husband and wife until 1980, at which time the marriage was annuled in an action brought by plaintiff; plaintiff testified that he had defendant's name put on the deed because he thought he was legally married to her; and plaintiff testified that, had he known defendant was still married to another man, he would have waited until she got her divorce, married her, and then probably put her name on the deed.

2. Attorneys at Law § 7— reformation of deed—award of counsel fees for appeal improper

In an action for reformation of a deed where the court ordered the action dismissed, and plaintiff gave notice of appeal, the trial court erred in ordering plaintiff to pay $500 to defendant's attorney to help defray the expenses of the appeal.

APPEAL by plaintiff from *Black, Judge.* Judgment entered 17 September 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 6 May 1981.

The plaintiff brought this action to have a deed reformed on the basis of fraud by the defendant. The case was tried by the court without a jury. The plaintiff's evidence showed that he and the defendant went through a marriage ceremony on 11 August

Dorsey v. Dorsey

1960 in Lancaster, South Carolina. At that time, she was pregnant with the plaintiff's second child. Prior to the purported marriage to the plaintiff, defendant had married another man from whom she was divorced in 1963. The parties lived as husband and wife until 1980, at which time the marriage was annulled in an action brought by the plaintiff.

The plaintiff testified that at the time of the marriage ceremony, he had been told by the defendant that she was divorced. In 1969 a house and lot was conveyed to the parties. The plaintiff paid the entire consideration for the property. He testified: "I tell the Court the reason I had her name put on the [deed] is because I thought that I was legally married." He testified further: "[I]f I had known she was still married to Raymond Rudisill I would have waited until she got her divorce, then I would have married her, then her name probably would have been on the deed, 'cause the house wasn't purchased until '69."

At the conclusion of the plaintiff's evidence the court entered an order in which it found that the plaintiff had not made a prima facie case that he was induced by the fraud of the defendant to have both their names on the deed. The court ordered the action dismissed. The plaintiff gave notice of appeal and the court ordered the plaintiff to pay $500.00 to the defendant's attorney to help defray the expenses of the appeal.

*Charles V. Bell for plaintiff appellant.*

*Marnite Shuford for defendant appellee.*

WEBB, Judge.

The first question on this appeal is whether the plaintiff presented evidence from which it could be concluded that the plaintiff was induced by the fraud of the defendant to put her name on the deed. We note that the court did not make a finding of fact that the defendant's fraud did not induce the plaintiff to have her name put on the deed. We do not have the question of whether the evidence supports the findings of fact. In order to reform a deed on the ground of fraud, the plaintiff must prove (1) a false representation; (2) the person making the representation knew it was false or had a reckless disregard of its truth or falsity; (3) the statement was intended to mislead the plaintiff and in-

Dorsey v. Dorsey

duce him to act upon it; and (4) the plaintiff did rely on the statement and was damaged by doing so. *See Kemp v. Funderburk,* 224 N.C. 353, 30 S.E. 2d 155 (1944).

[1] We believe the evidence in this case is sufficient from which to find the defendant made a false representation to the plaintiff as to her marital status which she knew was false. The question crucial to this appeal is whether it could be found that this misrepresentation was intended to mislead the defendant and induce him to have the house and lot conveyed to both parties. We hold that on the evidence in the case sub judice such finding of fact could not be made. The parties went through a marriage ceremony nine years before the property was conveyed to them. There is no evidence that the defendant had the conveyance in mind when she misled the plaintiff as to her marital status. We do not believe there was sufficient evidence to find the misrepresentation by the defendant was intended to induce the plaintiff to have her name put on the deed. We hold the district court was correct in dismissing the plaintiff's action to reform the deed.

[2] The plaintiff also assigns error to the court's order requiring him to pay the counsel fees for the appeal. We believe this assignment of error has merit. Defendant contends the award of counsel fees is supported by G.S. 6-18(1) and G.S. 6-21(7). G.S. 6-18(1) deals with the taxing of costs without mentioning attorney fees. G.S. 6-21(7) deals with special proceedings for the partition of real property. The claim in the case sub judice is for the reformation of a deed. We hold the district court erred in allowing counsel fees.

Modified and affirmed.

Chief Judge MORRIS and Judge WHICHARD concur.