RUDY VALLEY DORSEY v. ISABELLE A. DORSEY

No. 149A81

(Filed 3 August 1982)

**Reformation of Instruments § 7— defendant's name on deed—misrepresented marital state—sufficient evidence for a jury**

   In plaintiff's action to have a deed reformed on the basis of fraud by defendant, the trial court erred in dismissing plaintiff's claim since plaintiff offered evidence that defendant misrepresented her marriageability and continued to conceal the fact that she had not been divorced from her former husband when she married plaintiff, and where a reasonable trier-of-fact could conclude that defendant intended to deceive plaintiff about the validity of their marriage, thus causing him to treat her as his lawful wife, and where a trier-of-fact could reasonably infer that plaintiff was actually deceived by defendant's continuing misrepresentation of their marital status, and relied upon the fraudulent induced belief that defendant was his wife in having her named, as his wife, a tenant by the entirety of the residential realty.

   Justice MARTIN took no part in the consideration or decision of this case.

PLAINTIFF'S claim for reformation of a deed was dismissed by *Judge Larry Black,* sitting without a jury, at the 28 July 1980 Civil Session of MECKLENBURG District Court. Defendant was awarded attorney's fees. The Court of Appeals affirmed the dismissal, but reversed the fee award. 53 N.C. App. 622, 281 S.E. 2d 429 (1981). The Supreme Court allowed discretionary review on 3 November 1981.

   *Charles V. Bell for plaintiff appellant.*

   *Marnite Shuford for defendant appellee.*

EXUM, Justice.

   Plaintiff seeks by this action to have the deed to residential real property reformed to reflect his sole ownership. The deed to the realty was made to both parties as husband and wife, but plaintiff contends defendant's name was placed on the deed because of her fraudulent representation that she was legally divorced from a former husband at the time she married plaintiff. The principal question presented is whether plaintiff offered sufficient evidence to make out a prima facie case that the fraud of defendant induced plaintiff to include her name on the deed. The

trial court believed not and the Court of Appeals agreed. We disagree and reverse.

At trial plaintiff offered evidence which tended to show the following:

Plaintiff and defendant have known one another since grammar school. On 11 August 1960 they were purportedly married in Lancaster, South Carolina. Plaintiff knew defendant had been previously married to Raymond Rudisill, but defendant told him before their marriage that she had obtained a divorce from Rudisill. On 9 May 1969 plaintiff bought a residence in Charlotte, for which the purchase price was entirely paid from his income. He had the deed titled to "Rudy V. Dorsey and wife, Isabell A. Dorsey."

On 4 March 1980 plaintiff received a letter from defendant's counsel which set forth defendant's claim for alimony, divorce from bed and board, child support, and possession of the property at issue here. He showed this letter to Ms. Magdalene Evans, a friend, who informed him that at the time of his marriage to defendant in 1960 defendant had not obtained a divorce from Rudisill. Until then he believed he and defendant were legally married. He learned that defendant's divorce from Rudisill was obtained in 1963, not before 1960 as defendant had led him to believe, in his conversation with Ms. Evans in 1980. Plaintiff offered into evidence a complaint seeking an absolute divorce from Rudisill which defendant verified on 16 December 1962.

With regard to having created in the property a tenancy by the entirety, plaintiff testified: "I would not have had her name put on my deed if I had known she was still married to Raymond Rudisill," and further, "if I had known she was still married to Raymond Rudisill I would have waited until she got her divorce, then I would have married her, then her name probably would have been on the deed, 'cause the house wasn't purchased until '69."

Ms. Evans corroborated plaintiff's testimony that she had informed him in May 1980 that defendant had not obtained a divorce from her first husband when plaintiff purportedly married defendant. Plaintiff was apparently shocked by this information. Ms. Evans knew defendant was not divorced from Rudisill at

the time of her marriage to plaintiff because defendant had discussed with her how to alter the date on the divorce papers to make it appear she had been divorced at the time of her marriage to plaintiff. She testified that they had actually changed the date, although the paper was not introduced at trial.

At the close of plaintiff's evidence defendant moved to dismiss for failure to make out a prima facie case. This motion was granted, the trial court finding that plaintiff failed to offer evidence "that at the time the property was conveyed to Plaintiff and Defendant jointly on May 9, 1969 that Defendant fraudulently induced Plaintiff to add Defendant's name to the deed." Thus he declared the parties to have equal interests as tenants in common of the property. He also ordered plaintiff to pay $500 to defendant's attorney as partial payment of her fees.

In addition to the reformation action, Judge Black consolidated with it for trial a separate suit by plaintiff to have the marriage declared void *ab initio*. The trial court declared the marriage void on the basis of defendant's prior existing marriage.

The Court of Appeals reviewed the trial court's dismissal of the reformation action and its award of attorney's fees. It agreed there was insufficient evidence that defendant's false representation at the time of the marriage induced plaintiff to have the property conveyed to them as tenants by the entirety nine years later. It reversed the award of attorney's fees, however, because they were not allowed by statute.

We believe the Court of Appeals erred in affirming the trial court's dismissal of plaintiff's action to reform the deed for insufficiency of the evidence. An action to reform an instrument usually arises in "cases in which there has been mutual mistake of the parties or mistake by one of the parties and fraud by the other." *Hubbard and Co., Inc. v. Horne,* 203 N.C. 205, 208, 165 S.E. 347, 349 (1932) (mistake of draftsman also basis for reformation); *see* 11 N.C. Index 3d, Reformation of Instruments § 1 (1978). All the essential elements for reformation must be proved by clear, strong, and convincing evidence. *Hubbard and Co., Inc. v. Horne, supra,* 203 N.C. at 209, 165 S.E. at 349. *See also Lawrence v. Heavner,* 232 N.C. 557, 61 S.E. 2d 697 (1950); *Burton v. Life and Casualty Ins. Co.,* 198 N.C. 498, 152 S.E. 396 (1930); *Ricks v. Brooks,* 179 N.C. 204, 102 S.E. 207 (1920). The elements of fraud

which must be proved in order to set aside a contract or other instrument are:

> First, there must be a misrepresentation or concealment. Second, an intent to deceive or negligence in uttering falsehoods with intent to influence the acts of others. Third, the representations must be calculated to deceive and must actually deceive. And, fourth, the party complaining must have actually relied upon the representations.

*Ward v. Heath*, 222 N.C. 470, 472, 24 S.E. 2d 5, 7 (1943). *See also Kemp v. Funderburk*, 224 N.C. 353, 355, 30 S.E. 2d 155, 157 (1944).

In the case now before us plaintiff offered evidence that defendant misrepresented her marriageability in 1960 and continued to conceal the fact that she had not been divorced from Rudisill when she married plaintiff throughout their purported marriage. A reasonable trier-of-fact could conclude that defendant intended to deceive plaintiff about the validity of their marriage, thus causing him to treat her as his lawful wife. Finally, a trier-of-fact could reasonably infer that plaintiff was actually deceived by defendant's continuing misrepresentation of their marital status, and relied upon the fraudulently-induced belief that defendant was his wife in having her named, as his wife, a tenant by the entirety of the residential realty.

*Lawrence v. Heavner, supra,* 232 N.C. 557, 61 S.E. 2d 697, and *Burleson v. Stewart,* 180 N.C. 584, 105 S.E. 182 (1920), two cases factually on all fours with the case before us now, support our conclusion that plaintiff has established a prima facie case. In *Lawrence* the Court found evidence that the "wife" had married the "husband" with knowledge that she had an existing marriage, and that he had inserted her name as a co-grantee to real property purchased with his money in the mistaken belief that she was his wife was sufficient to create a jury question in his action for reformation. 232 N.C. at 560, 61 S.E. 2d at 699. In *Burleson* the plaintiff had reserved a life estate for himself and his wife in real property conveyed to others. The Court held:

> The plaintiff was the owner of the land and the defendant joined in the deed as his wife, and it is clear that the reservation in the deed was not to the defendant, but to the wife of the plaintiff, and as her marriage with the plaintiff

Dorsey v. Dorsey

was void, she having at that time a living husband, there was no one to take the benefit of the reservation to her according to the intent of the owner of the land, and it would therefore be void.

Again, the deed was executed either by the mutual mistake of both parties, if both believed the former husband to be dead, or by the mistake of the husband, the plaintiff, and the fraud of the wife, if she married the plaintiff knowing that her former husband was living, and in either event the court of equity would reform the deed and restore the plaintiff to his rights as owner of the land.

We are therefore of opinion that the defendant has no rights in the land in controversy, and that the plaintiff is entitled to recover possession thereof.

180 N.C. at 585, 105 S.E. at 183 (deed named "T. C. Burleson and wife, Emily L. Burleson" as grantors in whom the life estate was reserved).

Thus, we believe plaintiff offered sufficient evidence to make out a prima facie case, and his action should not have been dismissed at the close of his evidence.

We agree with the Court of Appeals, for the reasons stated in its opinion, that the district court erred in awarding attorney's fees to defendant.

We affirm the Court of Appeals insofar as it reversed the trial court's award of attorney's fees. We reverse the Court of Appeals insofar as it affirmed the trial court's dismissal of plaintiff's claim for insufficient evidence and remand to Mecklenburg District Court for a new trial.

Affirmed in part;

Reversed in part and remanded for new trial.

Justice MARTIN took no part in the consideration or decision of this case.