McKISSICK v. McKISSICK

[129 N.C. App. 252 (1998)]

━━━━━━━━━━

FLOYD B. McKISSICK, JR., Plaintiff v. CYNTHIA HEATH McKISSICK, Defendant

No. COA97-735

(Filed 7 April 1998)

**1. Costs § 37 (NCI4th)— action to recover possession of personal property—attorney fees as costs**

The award of attorney fees in an action to recover personal property under N.C.G.S. § 1-230 was not supported by N.C.G.S. § 6-18(2) because there is not a specific authorization that costs in the context of this statute are to include attorney fees.

**2. Divorce and Separation § 170 (NCI4th)— action for possession of separate property—attorney fees**

The trial court was not without jurisdiction to award attorney fees under N.C.G.S. § 50-20(i) in an action for return of separate property where plaintiff contended that the trial court was without jurisdiction because it had earlier declared that a premarital agreement was valid and barred defendant's claims under the equitable distribution statute. The trial court did not make the determination that all property rights had been settled by the premarital agreement until after the order requiring return of defendant's separate property and thus had jurisdiction at the time it entered the order.

Appeal by plaintiff from order filed 14 January 1997 by Judge J. Kent Washburn in Alamance County District Court. Heard in the Court of Appeals 17 February 1998.

*Floyd B. McKissick, Jr., plaintiff appellant, pro se.*

*Vernon, Vernon, Wooten, Brown, Andrews & Garrett, P.A., by Wiley P. Wooten and Thomas R. Peake, II, for defendant appellee.*

**McKISSICK v. McKISSICK**

[129 N.C. App. 252 (1998)]

GREENE, Judge.

Floyd McKissick (plaintiff) appeals from an order of the trial court awarding Cynthia Heath McKissick (defendant) attorneys' fees.

The facts are as follows: On 26 June 1995, the plaintiff sought custody of the parties' minor child. The defendant filed an answer on 27 June 1995 in which she sought, *inter alia*, recovery of belongings left in the marital home, injunctive relief prohibiting the plaintiff from disposing of marital property, equitable distribution, a declaration that the parties' pre-marital agreement was void, and attorneys' fees. On 28 August 1995 the plaintiff filed a reply seeking to establish that the pre-marital agreement was an enforceable bar to the defendant's claims for equitable distribution.

On 7 September 1995 the defendant made a "Motion For Return of Personal Property" in which she asked to be given possession of all her pre-marital personal property in the plaintiff's possession. In his response, the plaintiff claimed that some of the items requested by the defendant were the plaintiff's separate property and asked the trial court to deny the defendant's motion. On 10 December 1996, *nunc pro tunc* for 25 April 1996, the trial court concluded in its order that the parties' pre-marital agreement was valid and the "defendant's claims as to the pre-marital agreement were . . . dismissed" but did not specifically rule on the defendant's other claims such as equitable distribution. On 14 May 1996, the trial court allowed the defendant to amend her motion for return of personal property to include post marriage items which constituted her separate property pursuant to the pre-marital agreement.

On 10 September 1996 the trial court entered an order directing the plaintiff to return specified items of the defendant's property or pay monetary damages in the alternative. The order reserved the issue of attorneys' fees for a subsequent hearing. On 14 January 1997 the court entered an order giving the defendant attorneys' fees in the amount of $4,200.00 pursuant to N.C. Gen. Stat. §§ 6-18(2) and 50-20(i). The trial court dismissed the defendant's claims for equitable distribution, interim distribution of marital property, and alimony on 9 March 1997.

The issue is whether an action to recover the possession of separate property can support an award of attorneys' fees under either (I) N.C. Gen. Stat. § 6-18(2) or (II) N.C. Gen. Stat. § 50-20(i).

McKISSICK v. McKISSICK

[129 N.C. App. 252 (1998)]

I

[1] "In an action to recover the possession of personal property," filed pursuant to N.C. Gen. Stat. § 1-230,[1] a trial court shall allow costs of the action to the plaintiff. N.C.G.S. § 6-18(2) (1997). Because, however, there is not specific authorization that costs in the context of this statute are to include attorneys' fees, costs awarded cannot include an award of attorneys' fees. *Dorsey v. Dorsey*, 53 N.C. App. 622, 624, 281 S.E.2d 429, 431 (1981), *aff'd in part and rev'd in part on other grounds*, 306 N.C. 545, 549, 293 S.E.2d 777, 780 (1982). Therefore, the award of attorneys' fees in this case is not supported by section 6-18(2).

II

[2] The plaintiff argues that an award of attorneys' fees is also not supported by N.C. Gen. Stat. § 50-20(i).[2] This is so, the plaintiff contends, because the trial court had no jurisdiction to enter an order requiring the return of separate property (pursuant to section 50-20(i)), and absent any jurisdiction to enter such an order, it follows there can be no jurisdiction to enter an award of attorneys' fees. The plaintiff contends that the trial court was without jurisdiction to enter the section 50-20(i) order because it had earlier declared that the pre-marital agreement was valid and that it necessarily follows that this pre-marital agreement constitutes a bar to any of the defendant's claims under the equitable distribution statute, including her claim for the return of her separate property.

We agree that if the trial court had no jurisdiction to enter the section 50-20(i) order, it had no jurisdiction to enter an award of attor-

---

1. "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or for the value thereof in case a delivery cannot be had, and damages for the detention." N.C.G.S. § 1-230 (1996).

2. N.C. Gen. Stat. § 50-20(i) provides in pertinent part:

Upon filing an action . . . requesting equitable distribution . . . a party may seek injunctive relief pursuant to G.S. 1A-1, Rule 65 and Chapter 1, Article 37, to prevent the disappearance, waste or conversion of property alleged to be marital property or separate property of the party seeking relief. . . . Upon application by the owner of separate property which was removed from the marital home or possession of its owner by the other spouse, the court may enter an order for reasonable counsel fees and costs of court incurred to regain its possession but such fees shall not exceed the fair market value of the separate property at the time it was removed.

N.C.G.S. § 50-20(i) (Supp. 1997).

neys' fees under that section. It does not follow, however, that the determination that the pre-marital agreement is valid bars any and all claims pursuant to the equitable distribution statute. It is only pre-marital agreements that fully dispose of the parties' property rights that bar subsequent actions under the equitable distribution statute. *See Hagler v. Hagler*, 319 N.C. 287, 295, 354 S.E.2d 228, 235 (1987) (when valid pre-marital agreement fully disposes of property rights arising out of marriage, then equitable distribution is barred). In this case the trial court did not make the determination that all property rights had been settled by the pre-marital agreement until several months later, when it dismissed the equitable distribution claim. This dismissal did not occur until after the order requiring the return of the defendant's separate property. Thus, the trial court was not without jurisdiction at the time it entered its section 50-20(i) order and it therefore had jurisdiction to award attorneys' fees under that section.[3]

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.

---

3. We need not and therefore do not address the question of whether the trial court would have had the jurisdiction to order the transfer of separate property pursuant to section 50-20(i) if that order had been entered after the dismissal of the equitable distribution claim.